[In Bank. — May 30, 1883.]

## J. S. DYER, APPELLANT, v. R. J. HARRISON ET AL., RESPONDENTS.

STREET ASSESSMENT. — The board of supervisors of San Francisco ordered that the roadway and sidewalks of Greenwich Street from Laguna to Fillmore Street — a distance of three blocks — be macadamized, and that redwood curbs be furnished and laid thereon. In making the assessment, the superintendent of streets separated the roadway and curbing from the sidewalks, and as to the latter, three lots chargeable with their proportion of the cost of the work were omitted from the assessment. *Held* (1), that the assessment, even if properly made in other respects, was invalid as to the sidewalks by reason of the omission of these lots; (2) that in estimating the cost of the work, and distributing the same over the lots liable therefor, the roadway and curbing could not be separated from the sidewalks, and that the entire assessment was void; (3) that if a separate

assessment were required for each kind of work, the assessment here could not be sustained, because the cost of the curbing and the expense of macadamizing the roadway are united.

ID.—NUMBERING THE LOTS AND SHOWING THEIR FRONTAGE.—The assessment was also held to be invalid as to one of the lots, for the reason that the provisions of the statute requiring each lot or portion of lot to be numbered, and the frontage shown were not complied with. The lot was numbered, but portions thereof assessed for work done on the street crossings were not numbered either in the assessment or on the diagram, nor did the diagram show the number of feet frontage of the portions so assessed.

APPEAL from an order of the late District Court of the Third Judicial District in and for the city and county of San Francisco refusing a new trial.

Action on a street assessment. No work was done on the sidewalks in front of the lots omitted from the assessment. The additional facts sufficiently appear in the head notes and opinion of the court.

*J. C. Bates* and *J. M. Wood,* for Appellant.

*Cope & Boyd,* for Respondents.

PER CURIAM.—Three of the lots on Greenwich Street, liable to assessment for the construction of sidewalks on Greenwich, between Laguna and Fillmore Streets, are omitted from the assessment. The property liable to assessment for sidewalks also constituted the district subject to assessment for the curbing and macadamizing the roadway. If the property fronting on Greenwich constituted two separate and conterminous assessment districts, one to be assessed for sidewalks and the other to be assessed for the roadway and curbing, then the whole assessment for *sidewalks* is void, because certain lots included within the assessment district for sidewalks were omitted. (*People* v. *Lynch,* 51 Cal. 15.)

It is urged, by respondent, that the assessment applicable to the defined district is an entirety, and that the whole assessment is void because of the omission of the three lots; that the only assessment which the superintendent was authorized to make was a distribution, proportionate to frontage (upon all the lots opposite to the work done), of the *gross sum* to be paid the contractor, with incidental expenses. It is admitted that for the

"work done on main street crossings" separate assessment districts are provided.   The statute declares, "The expenses of such work shall be assessed upon the four quarter blocks adjoining and cornering on the crossings." (Stats. 1871–72, p. 810, sub. 3.)   But as to work done on the street improved, except at the crossings, it is provided (Stats. 1871–72, p. 809, sub. 1), the expenses "incurred for any work authorized by section 3 (of the act) shall be assessed upon the lots and lands fronting on the work, . . . . each lot or portion of lot being separately assessed, in proportion to its frontage, at a rate per front foot sufficient to cover the *total expense* of the work."

If it be admitted that the resolutions of intention and ordering the work, and the award, authorized the superintendent to agree in *one contract* for macadamizing the roadway, constructing sidewalks and curbs, it would seem the more reasonable construction of the statute that the assessment should be distributed with reference to the gross sum to be paid under the contract. Section 8 of the act means this, or it means that there shall be a separate assessment for each *kind of work* mentioned in section 3. If it means a separate assessment for each kind of work done under a single contract, the assessment herein is invalid, because it adds the price of the curbing to the expenses of macadamizing the roadway, and distributes the aggregate amount upon the lots fronting on the street.

If the statute requires the "total expense" incurred for macadamizing the street, macadamizing the sidewalks and erecting curbs to be apportioned in a single assessment (and this we think the true interpretation), the assessment which attempts to divide these charges in invalid.

The ninth section of the Act of 1872 (Stats. 1871–72, p. 813), requires the superintendent to make "an assessment to cover the sum due for the work done and performed *under the contract* . . . . in conformity to the provisions of this act, and according to the character of the work done," etc.   When the work done, of one or more kinds, is a charge upon the same property — or same assessment district — the act can be complied with only by distributing the total expense.   Each and every portion of the work is ratably a charge upon the lots included within the district.   All the work done under the contract — the work done

as a whole — is the benefit conferred upon the property within the district, in return for which the property within the district is assessed.

The assessment on lot 15 for the crossing is void, because it does not conform to section 9 of the act. The section requires an assessment to designate "the number of each lot or portion of lot assessed," and that the accompanying diagram shall exhibit the relative location of such lot, or portion of lot, to the work done, "numbered to correspond with the numbers in the assessment, and showing the *number of feet* frontage assessed for said work," etc.

Judgment and order affirmed.

Petition for a rehearing denied