[S. F. No. 3034. Department One.—November 26, 1902.]

D. LAMBERT, Appellant, v. GEORGE E. BATES, Respondent.

STREET ASSESSMENT—INSUFFICIENT PERFORMANCE OF WORK—APPEAL TO COUNCIL—JUDICIAL ACTION—CONCLUSIVENESS OF DECISION.—A contest of an assessment on the ground that the work contracted for has not been fully performed can only be presented upon an appeal to the city council, which acts judicially in determining the appeal.

Where an appeal upon that ground was taken and overruled, the decision of the council is conclusive; and the question cannot be again presented by way of objection to the validity of the assessment in an action for its enforcement.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Alexander G. Eells, and H. K. Eells, for Appellant.

Freeman & Bates, and E. D. Magee, for Respondent.

HARRISON, J.—Action to foreclose a street assessment upon certain property in the town of Berkeley. Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

The contract for the work upon which the assessment was made provided that a portion of Alcatraz Avenue should be macadamized and guttered to the official line and grade. After the assessment was made the defendant appealed therefrom to the town council, and also from the act of the superintendent of streets in approving the work, and determining that the plaintiff had macadamized and guttered the street to the official grade, and had fully performed his contract. This appeal was afterwards overruled and disallowed by the council. Upon the trial herein the court found that the official grade for this portion of Alcatraz Avenue was established by the town council, June 23, 1892, by an ordinance passed on that day; that an attempt was made to change this grade by ordinance No. 595, which was passed February 11, 1895, but that this ordinance was not legally adopted, and, therefore, that the grade fixed by ordinance No. 405 had not been changed. The court also found that the work done by the plaintiff was not done to the official grade as established by ordinance No. 405, but was done to the grade given in ordinance No. 595.

The rule is firmly established that, if the owner would contest an assessment upon the ground that the work contracted for has not been fully performed, he must present that question upon an appeal to the city council for its determination. In the present case the defendant did make such appeal, but

his appeal was overruled. It is, however, contended by him that, notwithstanding this fact, he is not precluded from again making the same objection to the validity of the assessment in an action for its enforcement. We are, however, unable to assent to this proposition.

Section 11 of the Street Improvement Act, after providing for an appeal from any act or determination of the superintendent of streets, declares: "Upon such appeal the said city council may revise and correct any of the acts or determinations of the superintendent of streets relative to said work . . . and require the work to be completed according to the directions of the city council. . . . All the decisions and determinations of the said city council shall be final and conclusive upon all persons entitled to appeal under the provisions of this section as to all errors, informalities, and irregularities which said city council might have remedied and avoided." The legislature has thus not only provided a tribunal for the purpose of determining whether the contractor has completed his contract according to its terms, but it has also declared that the decisions and determinations of that tribunal upon this question shall be "final and conclusive" as to all errors which it *might* have remedied. Whether the work in the present case was done in conformity with the contract to the official grade was a fact to be determined in the first instance by the superintendent of streets. The Street Improvement Act declares that all street-work shall be done under his direction and to his satisfaction, and it is alleged herein and found by the court that the work was accepted and approved by him, and that he thereupon made the assessment upon which the action is brought. If in fact he accepted the work and made the assessment before the contract was fulfilled, such determination or act was an error of that officer which the council might have remedied. It was within the functions of that body, upon the defendant's appeal, to determine whether in fact the work provided for in the contract had been fully performed or not, and under the above provision of section 11, its action in overruling said appeal and dismissing the same is final and conclusive upon him. The council acted judicially in its determination upon the appeal (*Belser* v. *Hoffschneider,* 104 Cal. 455), and, as in the case of the judgment of any tribunal for which there is

no review provided by statute, its action must be held conclusive whenever the fact determined by it is brought into question before any other tribunal. (*Lewis* v. *Barclay,* 35 Cal. 213; *Fairchild* v. *Wall,* 93 Cal. 401; Van Fleet on Former Adjudication, sec. 7; *Demarest* v. *Darg,* 32 N. Y. 281; *Culross* v. *Gibbons,* 130 N. Y. 447.)

The legislature did not intend by the above provision that the appeal should be prosecuted in a perfunctory manner, or should be a mere formality. By declaring that the determination of the council shall be "final and conclusive," it intended that that body should be the final tribunal for the determination of all questions that might be appealed to it, so far as such determination was of a question of fact, or depended upon evidence that might be presented in support of the appeal. (*Houghton's Appeal,* 42 Cal. 35; *Bixler's Appeal,* 59 Cal. 550.) This provision cannot be construed as authorizing a person merely to take an appeal to the council without presenting to that body sufficient evidence, or any evidence whatever, to support his appeal, and afterwards seek to have the grounds of his appeal sustained before another tribunal and under additional or different evidence. Whether, if the council should overrule his appeal or dismiss the same by reason of its misapplication of law to the facts before it, or under a misconstruction of the law, its action could be elsewhere reviewed, need not be here determined (see *Wormouth* v. *Gardner,* 112 Cal. 506); but in such a case it would be incumbent upon the party seeking the review to clearly present to that tribunal the questions of law which he claims to have been misconstrued or erroneously applied, and show that they have been presented upon the appeal to the council. The record in the present case does not show whether any evidence was presented to the council by the defendant in support of his appeal, or the grounds upon which it was overruled, and it cannot be assumed that the council made an erroneous decision upon the evidence which he did present. If he failed or omitted to present to that body the evidence which he afterwards presented to the superior court upon the trial herein, he is in the same position as any litigant who has rested his case upon insufficient evidence. If the statute does not authorize a new trial or a re-examination of such evidence, he must abide the decision of that tribunal.

The suggestion on behalf of the respondent that the question presented to the council and determined by it was whether the official grade of the street was fixed by ordinance No. 405 or by ordinance No. 595, and that therefore the question determined by them was a question of law, is not sustained by the record. Neither in the pleadings, evidence, or findings does it appear that this question was at any time presented to the council, or that upon the hearing of the appeal its attention was called to either of the ordinances.

The respondent has cited *Warren* v. *Riddell*, 106 Cal. 352, and *Diggins* v. *Hartshorne*, 108 Cal. 162, in which there are certain expressions to the effect that unless the appeal is *first* taken to the council the objection to the proceedings cannot be made in a suit upon the assessment, and contends that under these decisions he can, after having taken the appeal, again make the objection in the action upon the assessment. It is a sufficient answer to this contention to say that this question did not arise in either of these cases, and was not decided by the court, and that, although language there used may lend some color to his claim, it cannot be invoked for the purpose of overruling the plain terms of the statute.

The judgment is reversed, and the superior court is directed to enter judgment on the findings for the plaintiff, as prayed for in his complaint.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.