[S. F. No. 8000.   In Bank.—January 29, 1920.]

## H. C. CUTTING et al., Appellants, v. I. R. VAUGHN, as Treasurer, etc., et al., Respondents.

[1] STREET LAW—IMPROVEMENT OF STREETS IN CITY OF RICHMOND—
APPLICABILITY OF IMPROVEMENT ACT OF 1911.—In view of the fact
that the charter of the city of Richmond is wholly silent as to the
mode of the exercise of the authority therein given for the im-
provement of streets, an express provision in a resolution of in-
tention that the resolution is adopted under the Street Improvement
Act of 1911 amounts to an adoption of all of the provisions of
the act as to the mode of executing the power, and is authorized
by law.

[2] ID.—PERFORMANCE OF WORK—WAIVER OF PROTEST—AGREEMENT
BETWEEN OWNERS AND CONTRACTOR.—Where owners of lands abut-
ting upon the portion of a street to be improved entered into an
agreement with the contractor expressly waiving any right of pro-
test against the performance of the work or against the assessment
district, such owners will not thereafter be heard to complain of
any matter or thing embraced within the terms of the waiver.

[3] ID. — STREET IMPROVEMENT ACT OF 1911 — DETERMINATION OF
APPEAL — ACT OF COUNCIL CONCLUSIVE.—Under the Street Im-
provement Act of 1911, the city council acts judicially in the
determination of an appeal, and, as in the case of the judgment
of any tribunal for which there is no review provided by the stat-
ute, its action must be held conclusive, in the absence of fraud,
whenever the fact determined by it is brought into question col-
laterally before any other tribunal.

[4] ID.—DECISION OF COUNCIL UPON APPEAL—STATEMENTS OF COUNCIL-
MEN—PRESUMPTION OF DECISION UPON MERITS NOT OVERCOME.—
Where a city council had a full hearing on an appeal, under sec-
tion 26 of the Improvement Act of 1911, and heard witnesses and
argument and their decision was supported by the evidence, the
presumption that the decision was based upon a full and fair con-
sideration of the case upon its merits is not rebutted by evidence
of statements made by one or more councilmen before the con-
clusion of the hearing expressing an opinion that the assessment
was unjust, but that, as the matter would go to the courts in any
event, it would be fairer to the contractor to uphold the assess-
ment.

[5] ID.—ACTION TO CANCEL ASSESSMENT—FAILURE TO ASSESS ACCORD-
ING TO BENEFITS—NONSUIT.—In an action to declare invalid pro-
ceedings for the creation of a street improvement district and to
cancel the assessments on plaintiff's property on the ground that

the same was not made in proportion to benefits received, the plaintiff cannot complain of a nonsuit on such ground unless there appears in the record convincing and conclusive evidence that under no conceivable conditions could his property have been benefited in the proportion stated by the assessment.

[6] ID.—EVIDENCE—ASSESSMENTS ACCORDING TO BENEFIT.—A failure to assess according to benefit is not incontestably established by the fact that plaintiff's land was assessed to a depth of two hundred feet, while other land was assessed only to a depth of one hundred feet, or by the fact that a narrow strip separating plaintiff's land from the street for a portion of its length was assessed at the same rate per square foot as the land whose frontage it obstructed, and that plaintiff's land, which was situated between one hundred and two hundred feet from the street was assessed at the same rate per square foot as the land bordering on the street itself.

[7] ID.—VIEW OF PREMISES BY COURT—BENEFIT—PRESUMPTION.—In an action to cancel an assessment for street improvement, where the court viewed the premises, it must be presumed on appeal from the judgment upholding the assessment that nothing was revealed by the view which would make it inconceivable that all of plaintiff's land might have received a substantially uniform benefit from the improvement.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. C. Cutting and Wm. H. H. Hart for Appellants.

D. J. Hall, M. R. Jones and Everts & Ewing for Respondents.

T. John Butler, *Amicus Curiae.*

LENNON, J.—The facts upon which this appeal is based are stated in the opinion of the district court of appeal for the first appellate district, division one. We adopt that opinion in part as follows:

"This is an appeal from a judgment for defendants, entered after the granting of their motion for nonsuit, in an action wherein plaintiffs sued as the owners of certain lands lying to the north and northeast of Richmond Avenue in the city of Richmond; and the defendants are said city, its

councilmen, street superintendent, and treasurer, certain street improvement corporations and the John Nicholl Company, which is the owner of the land lying to the south and southwest of Richmond Avenue, and of a narrow strip to the north and northeast thereof as well. The suit involves the validity of the proceedings for the improvement of Richmond Avenue taken by the city under the provisions of the Street Improvement Act of 1911 (Stats. 1911, p. 730), and the relief sought by plaintiffs is an injunction to restrain the city's treasurer from selling their property to satisfy the lien of certain street improvement bonds issued thereon. Plaintiffs also pray for a decree declaring invalid the proceedings for the creation of the street improvement district, and canceling the assessments on plaintiff's property on the ground that the same was not made in proportion to benefits received. . . .

"Plaintiffs urge upon the court with particular emphasis a contention that the Street Improvement Act of 1911 is not applicable to the city of Richmond, and that the city was without power to proceed to improve its streets under the terms of that act. The city of Richmond is governed by a charter approved by the legislature of 1909, and in that charter power is granted to the city to establish, open, pave, and otherwise improve its streets, and to levy special assessments to defray the cost thereof. Plaintiffs claim that under the provisions of section 6 of article XI of the state constitution, that 'cities and towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, except in municipal affairs, shall be subject to and controlled by general laws,' any street laws adopted by the legislature subsequent to the approval of the city's charter are inapplicable to it. [1] Plaintiff's contention is not tenable in the present instance, because the charter of Richmond is wholly silent as to the *mode* of the exercise of the authority to do street work; and the city council in their resolution of intention to do the work in question expressly provided that 'this resolution of intention is adopted under the provisions of the Improvement Act of 1911, approved April 7, 1911.' This amounted to an adoption of all of the provisions of the act in question as to the mode of executing the power granted, and was clearly authorized by law. (*Clouse* v. *San Diego,* 159

·Cal. 434, [114 Pac. 573] ; *Park* v. *Pacific Fire Extinguisher Co.,* 37 Cal. App. 112, [173 Pac. 615] ; *City of Petaluma* v. *Hughes,* 37 Cal. App. 473, [174 Pac. 336].) '' (See, also, *Cole* v. *Los Angeles,* 180 Cal. 617, [182 Pac. 436].)

The plaintiffs present a number of points concerning the claimed invalidity of the resolution of intention, alleged defects in the postings and in the contract. While these points are argued at great length and with much detail and in a variety of form, the answer to them all is, we think, to be found in the fact pleaded by the answer of the defendants and adduced in evidence at the behest of the plaintiffs that, after the execution of the contract for the doing of the work and while said work was in progress, the plaintiff entered into a written agreement with the defendant, Worswick Street Paving Company, which recited the fact that the plaintiff was the owner of certain lands abutting upon the portion of Richmond Avenue which was to be improved; that the Paving ·Company had, pursuant to the terms and conditions of the resolution of intention, entered into a contract with the city of Richmond for the improvement of Richmond Avenue; that plaintiff, as the owner of property on Richmond Avenue, was desirous of having the improvement of said avenue completed without unnecessary delay, and therefore expressly waived ''any right of protest against the performance of said work by the party of the second part [defendant Worswick Street Paving Company] under said contract [for the doing of the work] or against the assessment district created under said resolution of intention No. 105.'' **[2]** It will thus be seen that the plaintiff waived every objection which might have been made, *in limine,* against the validity of the assessment district and the proceedings had thereunder save and except that the method of assessing the property of the plaintiff was not in accordance with the benefits received. In short, the work in question having been completed upon the faith of the undisputed fact that plaintiff had waived all objection to the proceedings connected with the doing of said work save as to the manner of apportioning the cost of the work and consented to, accepted, and ratified said proceedings and desired, and acquiesced in, the making of said improvements, the plaintiff will not now be heard to complain of any matter or thing embraced within the terms of the waiver, for to

permit him to do so would be giving countenance to a fraud upon the contractor and the owner of the bonds issued pursuant to the proceedings, and this, of course, the law will not tolerate. (*Cummings* v. *Kearney,* 141 Cal. 156, [74 Pac. 759]. See, also, *Allan* v. *Hance,* 161 Cal. 189, [118 Pac. 527], and *Remillard* v. *Blake etc. Co.,* 169 Cal. 277, 283, [Ann. Cas. 1916D, 451, 146 Pac. 634].)

The only questions remaining to be discussed are those relating to plaintiff's contention that the granting of the motion for a nonsuit was error by reason of the presence in the record of evidence indicating that the assessment of the property of the plaintiff corporation was not made in accordance with benefits received, but was, on the contrary, made on a purely arbitrary basis. In making this contention plaintiff is met by a difficulty arising from the terms of section 26 of the Street Improvement Act of 1911. That section provides for an appeal to the city council by persons interested in determining the validity of an assessment made pursuant to the terms of the act, and also provides that the decision of the council upon the questions presented upon such appeal shall be final. Pursuant to the provisions of this act an appeal was taken to the city council in the instant case. That body considered the appeal very seriously, witnesses were examined, arguments were made, and all of the formalities of a full hearing were observed. The city attorney and all of the trustees composing the council were present. At the conclusion of the hearing, the council duly entered its resolution upholding the assessment and overruling the appeal. The resolution recited that the council had heard and considered the evidence in relation to the appeal and the clerk certified that the resolution had been duly passed and adopted by a unanimous vote of all of the councilmen. Plaintiffs attack this resolution upon two grounds.

It is first contended that the resolution should be disregarded for the reason that there is some evidence in the record to the effect that the council, not realizing the finality of its decision, and believing that the case would have to go to the courts in any event, may, for this reason, have upheld the assessment as a matter of form. This contention is based upon testimony to the effect that during the course of the hearing one or more of the councilmen expressed an

opinion that the assessment was unjust, but that, as the matter would go to the courts in any event, it would be fairer to the contractor to uphold the assessment. The contention is without merit. **[3]** The council acted judicially in its determination upon the appeal, and, as in the case of the judgment of any tribunal for which there is no review provided by statute, its action must be held conclusive, in the absence of fraud, whenever the fact determined by it is brought into question collaterally before any other tribunal. (*Lambert* v. *Bates,* 137 Cal. 676, 678, [70 Pac. 777].) The complaint herein contains no allegation of fraud in the conduct of the hearing, nor does the record reveal evidence of such fraud. Moreover, it is of course presumed that all public officers perform their duties in a lawful and proper manner. (16 Cyc. 1076.) **[4]** When it is recalled that all of the formalities of a full hearing were observed, witnesses being examined, arguments being made, and the city attorney and all of the councilmen being present, when it is considered that the council was presumably acquainted with the terms of the statute providing that its determination upon the appeal should be final, and when these facts are considered in connection with the solemn recitations of the resolution itself, and in connection with the fact, determined elsewhere in this opinion, that the decision of the council is supported by the evidence, we cannot say that the evidence of the statements made by one or more councilmen before the conclusion of the hearing was sufficient to rebut the presumption that the ultimate decision of the board was based upon a full and fair consideration of the case upon its merits.

It is next insisted that it appears from the record that there was a clear failure to assess the property according to benefits, and that, therefore, under the rule announced in *Spring Street Co.* v. *Los Angeles,* 170 Cal. 24, [L. R. A. 1918E, 197, 148 Pac. 217], the court should set the assessment aside irrespective of the action of the city authorities in confirming the assessment upon the appeal to them. **[5]** Plaintiff cannot, however, complain of the nonsuit on this ground unless there appears in the record convincing and conclusive evidence that under no conceivable conditions could the several parcels of land have been benefited in the proportion stated by the assessment. (*Rockridge Place Co.* v. *City Council of the City of Oakland,* 178 Cal. 58, [172 Pac. 1110]; *Nutting* v. *Los Angeles,* 35 Cal. App. 519, [170

Pac. 680] ; *Thoits* v. *Byxbee,* 34 Cal. App. 226, 235, [167 Pac. 166].)

It appears that the property in the improvement district with which we are here concerned was assessed at a uniform rate per square foot. It is claimed that this amounted to an arbitrary assessment by reason of the fact that much of the land of the plaintiff corporation is swampy and lies below the level of the street, while the land assessed to the John Nicholl Company is upland. While it is true that the evidence shows that plaintiff's land is in part only swamp and overflowed land, it is also true that the evidence shows that much of the land of the John Nicholl Company is made up of precipitous cuts and steep hills. While the expense of making use of either parcel of land for any purpose would be considerable, there is evidence to the effect that the expense of filling in the swamp-land would be no greater, if as great, as that of grading down the upland. Such being the state of the record, we cannot say that the evidence is clear and convincing to the effect that under no· conceivable conditions could the lowland have derived a benefit from the street work substantially less per square foot of land assessed than that derived by the upland.

[6] Complaint is also made because plaintiff's land was assessed to a depth of two hundred feet, while much of the upland across the street on the southerly side of Richmond Avenue was assessed only to a depth of one hundred feet. The least depth of the assessment district on the south is, it is true, about one hundred feet, but it is also true that the greatest depth on the south is 575 feet and that, at various places, it runs 225, 240, and 257 feet south of the avenue. Considering the broken and uneven character of the land, it is certainly not inconceivable that the areas included within the irregular boundary on the south and within the two hundred foot boundary on plaintiff's land may have received a substantially uniform benefit from the improvement work. Possibly more land should have been included in the district on the south side of Richmond Avenue, but we cannot say from anything appearing in the record before us that that might not have been a genuinely debatable question.

The same answer must be made to the complaint that the narrow strip separating plaintiff's land from Richmond Avenue for a portion of its length was assessed at the same

rate per square foot as the land whose frontage it obstructed and that the plaintiff's lots, which are situated between one and two hundred feet distant from the avenue, were assessed at the same rate per square foot as the lots bordering on the avenue. It might indeed be plausibly argued that the land cut off from the highway should have been assessed at a lower rate than the narrow strip which lies between it and the avenue. It might just as well be argued, however, that, on account of its shape and size, the strip could be put to no valuable use, and did not, therefore, receive the substantial benefit from the improvement received by plaintiff's land. Upon this view of the matter it seems a fairly debatable question as to whether the assessment of plaintiff's lots was unduly high in comparison with the narrow strip assessed to the John Nicholl Company. Likewise, it cannot be said that the mere fact that the land situated between one and two hundred feet from the avenue was assessed as much per square foot as the land fronting on the highway in itself incontestably establishes a patent failure to make the assessment in accord with benefits. When it is remembered that Richmond Avenue was designed not merely to create an outlet for the immediately adjacent land, but to serve as a main artery of travel directly benefiting a large territory, and when it is further considered that the relative benefit derived by the various parcels of land depends not only upon mere proximity to the improvement, but largely, also, upon their availability for use resulting from relative topographical advantages, it is certainly not inconceivable that the whole of plaintiff's land may have received a substantially uniform benefit from the improvement. Not only do we find no evidence in the record which is necessarily inconsistent with this conclusion, but we find that the decision of the court was based, in part at least, upon the facts gained from a view of the premises. Such a view, as held in *Hatton* v. *Gregg*, 4 Cal. App. 537, [88 Pac. 592], constituted independent evidence to be considered by the court in arriving at its conclusion. [7] It must be presumed that nothing was revealed by the view which would make it inconceivable that all of plaintiff's land might have received a substantially uniform benefit from the improvement work in question.

Upon these considerations we are of the opinion that none of the various differences claimed to exist between the several parcels of land included in the assessment district afford con-

vincing and conclusive evidence that under no conceivable circumstance could the assessment have been made in proportion to benefits. In the absence of such evidence it is impossible to hold that the city council of the city of Richmond were guilty of an abuse of discretion in overruling plaintiff's appeal so clear and convincing as to bring the case within the rule laid down in *Spring Street Co.* v. *Los Angeles,* 170 Cal. 24, [L. R. A. 1918E, 197, 148 Pac. 217].

The judgment is affirmed.

Shaw, J., Wilbur, J., Lawlor, J., Kerrigan, J., *pro tem.,* Olney, J., and Angellotti, C., J., concurred.