[L. A. No. 9505. Department One.—December 27, 1928.]

HARRY H. GODBER, Appellant, v. CITY OF PASADENA et al., Defendants and Respondents; FRANCES B. SWAN, Intervener and Respondent.

William J. Carr and Roy A. Linn for Appellant.

Roscoe R. Hess, R. C. McAllaster, City Attorney, and Frederick G. Stoehr for Defendants and Respondents.

Wood, Janeway & Pratt and John Perry Wood for Intervener and Respondent.

PRESTON, J.—This appeal questions the validity of a reassessment made by the City of Pasadena under a street proceeding authorized by the 1903 Street Opening Act (Stats. 1903, p. 376, amended; Stats. 1913, p. 429). The regularity of the proceeding in every respect other than as to the power of the city to order this reassessment is conceded. The facts are undisputed, but the parties draw opposite deductions therefrom. The same principles of law are likewise relied upon by all parties but they differ as to their applicability or their application.

In 1923 the said city set about to open, extend and widen Oakland Avenue, a territory through a level area in about the center of the business district. After the construction of the new street, boundaries of the area benefited were established and a district organized and on April 28, 1925, the directors of the city confirmed the assessment upon the property of the district made presumably consonant with the degree of benefit bestowed by the new improvement. Plaintiff owned two parcels of land in this district, known on the assessment-roll as lots numbers 84 and 85. He paid the assessments of $239.72 and $930.49, respectively. Thereafter, and on the second day of June, 1925, the city, purporting to act under section 26a of said above-mentioned statute, as amended, passed a resolution declaring the assessment of April 28, 1925, invalid because unreasonable and not levied in proportion to the benefits derived. The assessment was

then set aside and a reassessment was ordered pursuant to said section. Thereafter said reassessment was confirmed by said city and recorded on August 15, 1925. Under it $3,000 was added to said lot number 84 and $4,000 to lot number 85, a total increase of $7,000.

Plaintiff thereupon sought by the complaint herein an injunction against the enforcement of said second assessment alleged to be invalid solely by reason of the pre-existing assessment. There was no allegation of an entire lack of benefit nor was there any allegation that the second assessment was in any way disproportionate, unfair or arbitrary nor was there any allegation that said first assessment was itself just and fair. In other words, the complaint rests plaintiff's cause solely upon the existence of said two assessments and the contention that the first assessment alone can be the valid one. The city answered but did not enlarge the issue nor did the intervener, a property owner in the district, who was allowed to become a party to the proceeding. The trial was short. The case was submitted on a stipulation of facts which carried the issues no further than as made by the pleadings. No evidence was offered by either side to show that either assessment was or was not disproportionate to the benefits conferred. The evidence, therefore, sheds no additional light upon the subject.

The court made findings to the effect that the first assessment was void because not levied in proportion to the benefits derived and that the new assessment was proper and valid because so levied and gave its judgment for the defendants. Plaintiff has appealed.

The effect of the judgment is that on the record as made the city acted within its powers in declaring the first assessment void and causing to be made the reassessment in question. We can see no escape from the conclusion that the judgment of the court below was proper and correct.

Section 26a (Stats. 1913, p. 434) provides that the city council may "at the request of any interested party, or on its own motion . . . set aside any assessment or assessments . . . and order a new assessment or assessments . . . if in its opinion the assessment be invalid." Appellant's position seems to be that inasmuch as section 19 (Stats. 1903, p. 381) of said act provides that: " . . . The action of the council upon such objections and assessment shall be final and con-

clusive in the premises . . . ,'' the first assessment may not be disturbed under any circumstances by the city, but this conclusion entirely ignores said section 26a which was added by way of amendment to the act and is a provision *in pari materia* and, as so construed, situations may exist where a reassessment is proper. How are we to say this is not a proper one? Said section 26a also contains language as follows: ''(The approval and confirmation of the reassessment by the city council) . . . shall be a final determination of all matters relating to the actual benefits derived or to be derived from the improvement by the respective lots, pieces and parcels of land enumerated in the reassessment . . . ''

Appellant seems to overlook the fact that the court may take only a restricted view of the action of the city directors. We are required to look, therefore, upon the last action of the board with the same complacency that we would have looked upon the first assessment had there been no attempt to rescind it. The rules of law which guide the court in a proceeding of this character are well settled and are relied upon by both parties. ▪ The controlling principle, in a word, is that every intendment must be indulged that can be in favor of the final action of the city directors and all doubts resolved in favor of the validity of the action so taken. The court will not hear the opinions of witnesses and other evidence in any subsequent issue involving the assessment in order to determine whether or not it can plainly see that the action taken by the municipality was or was not correct, but the court can only view such facts as appear on the record of the proceedings taken in the light of those further facts of which we may take judicial notice (*Duncan* v. *Ramish*, 142 Cal. 686, 692 [76 Pac. 661]; *Lent* v. *Tillson*, 72 Cal. 404, 429 [14 Pac. 71]).

This principle has also been stated in *Larsen* v. *San Francisco*, 182 Cal. 1, 15 [186 Pac. 757, 763], as follows: ''In such a case the court will not declare the assessment void unless it can plainly see from the face of the record, or from facts judicially known, that the assessment so finally confirmed is not proportional to the benefits, or that no benefits could accrue to the property assessed. (*Duncan* v. *Ramish,* 142 Cal. 692 [76 Pac. 661], *Lent* v. *Tillson,* 72 Cal. 429 [14 Pac. 71].)'' See, also, *Cutting* v. *Vaughn,* 182 Cal. 151, 156

[187 Pac. 19], and *Rutledge* v. *Eureka,* 195 Cal. 404 [234 Pac. 82].

If we must look at an assessment in this light, we must also look at a reassessment in the same light. Looking at the record before us, we see nothing to indicate invalidity in the action taken by the city. The burden in. this respect rested upon appellant. The only thing that does appear is that it is manifest that either one or the other of the two assessments was invalid but appellant made no claim that his property was not benefited nor did he make any claim that the assessments were disproportionate to the benefits received. Consequently, if we make any deduction from the record, it must be in favor of the last action of the legislative body.

We can, therefore, find no merit in the appeal and the judgment is affirmed.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

Shenk, J., dissented.