[Civ. No. 6660. First Appellate District, Division Two.—July 12, 1929.]

E. J. GALLAGHER, Respondent, v. ALFRED VOYCE, Jr., Appellant.

Raymond D. Williamson for Appellant.

Oscar Samuels and Jacob Samuels for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover the amount of an assessment alleged to be due him as contractor for installing certain street work. The defendants appeared and answered. Their answer contained certain denials and also pleaded affirmatively other defenses. Among the affirmative defenses was the claim that the assessment was excessive. A trial was had before the court sitting without a jury. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendant Voyce has appealed.

 The defendant contends that the trial court erred in sustaining an objection to the introduction by the defendant of evidence tending to show that the amount sued for by the plaintiff was an overcharge. The plaintiff makes two replies. He asserts that the trial court did not make the ruling complained of and in the second place, if it did, the ruling was correct. Both replies are sustained by the record. As to the matter of excluding proof the record clearly shows that the trial court offered to allow the proof to be made and that the actual adverse ruling of which the defendant complains consisted of a document made by one of the defendant's witnesses and which was in the nature of an extended mathematical calculation. The witness having testified, an exclusion of his notes was not error and if it was, the error was not prejudicial.

 Taking up the second reply, it should be remarked that the work was done under Ordinance No. 4720, N. S. It is unnecessary to recite all of the provisions of that ordinance. It is sufficient to remark that it is provided in the ordinance that at a certain time the board of public works will make the assessment; that if the assessment is claimed to be incorrect or illegal any property owner may, within thirty days, appeal to the board of supervisors; that the board of supervisors is vested with power to "confirm, amend, set aside, alter, modify or correct the assessment"; and that "All the decisions and determinations of the supervisors, upon notice and hearing aforesaid, shall be final and conclusive . . ." It was an admitted fact that the defendant appealed but did not prosecute his appeal and that his appeal was denied. However, it was his claim that he did not discover the facts showing an excessive charge until his appeal was denied. Neither by pleading nor proof did the defendant show any right to attack the assessment. (*Lambert* v. *Bates,* 137 Cal. 677, 678 [70 Pac. 777].)

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.