[Civ. No. 4018.   Third Appellate District.—February 26, 1930.]

J. R. MITCHELL et al., Appellants, v. THE BOARD OF TRUSTEES OF THE CITY OF WOODLAND (a Municipal Corporation) et al., Respondents.

E. B. Mering for Appellants.

J. H. Laugenour for Respondents.

THOMPSON (R. L.), J.—This is a suit in equity to enjoin the city council of Woodland from making street im-

provements and levying assessments therefor, on the ground that the proceeding would amount to a confiscation of the property without compensation.

The appellants owned several lots in a sparsely settled portion of the outskirts of Woodland. The trustees of the city duly adopted a resolution pursuant to the City Improvement Act of the state of California (Stats. 1911, p. 730, and amendments thereto), declaring their intention to construct cement sidewalks adjacent to the property of the appellants. At the time set for the hearing of the resolution to construct public improvements, the plaintiffs appeared in open meeting of the council and filed written protests against the proposed improvements, upon the ground that the cost of such improvements to the adjoining property owners would exceed the value of the benefits and would therefore amount to a confiscation thereof without compensation. Although the opportunity was afforded, the appellants offered no evidence in support of their protests. The council thereupon overruled and denied the protests and proceeded to advertise for bids for the performance of the work. This action was then brought to declare the proceedings for the acquiring of the improvements void and seeking to enjoin the defendants from awarding a contract for the work. A strict compliance with the statutory proceedings on the part of the council is not challenged.

Upon trial the court found that plaintiffs duly filed their protests and were present at the time fixed for the hearing thereof; that although they were requested to present evidence in support of their protests, they failed and neglected to do so; that the council thereupon overruled and denied the protests and that this determination was final and conclusive. Judgment was accordingly rendered against the plaintiffs. The evidence supports these findings.

It is true the record discloses the fact that there was some informal conversation with the trustees at the hearing respecting the grounds of protest, but no witnesses were sworn and no evidence was adduced in support of the protests. The record in this regard is quite similar to the proceedings which occurred in the case of *Wild Goose Country Club* v. *County of Butte,* 60 Cal. App. 339 [212 Pac. 711]. In the absence of evidence adduced in support of the protests a court may not presume that the cost of the improve-

ments to the owners of property will exceed the value of the property, nor that the proceedings under such circumstances will amount to a confiscation of the property without compensation. Fraud was neither pleaded nor proved in the present case.

Section 6 of the Improvement Act of 1911 provides that "at the time set for hearing protests the city council shall proceed to hear and pass upon all protests so made, and its decision shall be final and conclusive."

In the proceeding which is involved in this case the city trustees acted in a *quasi*-judicial capacity and their decision upon the plaintiffs' protests was final and conclusive. ■ In the absence of fraud or a lack of jurisdiction the action of the city council is conclusive even though the evidence is conflicting or when the contestants are afforded an opportunity to prove the grounds of their opposition and fail to adduce evidence in support thereof. (*Lambert* v. *Bates,* 137 Cal. 676, 679 [70 Pac. 777, 778] ; Page on California Street Laws, sec. 415; *Blake* v. *City of Eureka,* 201 Cal. 643, 648 [258 Pac. 945].) In the case of *Lambert* v. *Bates, supra,* the court used this pertinent language:

"By declaring that the determination of the council shall be 'final and conclusive,' it intended that that body should be the final tribunal for the determination of all questions that might be appealed to it, so far as such determination was of a question of fact, or depended upon evidence that might be presented in support of the appeal. (*Houghton's Appeal,* 42 Cal. 35; *Bixler's Appeal,* 59 Cal. 550.) This provision cannot be construed as authorizing a person merely to take an appeal to the council without presenting to that body sufficient evidence, or any evidence whatever, to support his appeal, and afterwards seek to have the grounds of his appeal sustained before another tribunal and under additional or different evidence."

■ It is urged that a failure to adduce evidence in support of a protest against street improvements is not a waiver of matters which are jurisdictional in character, and that the council has no jurisdiction to levy a tax for street improvements which amounts to a confiscation of the property without compensation. A number of cases are cited from other jurisdictions to the effect that a failure to follow the statutory requirements preliminary to the making of street

improvements left the council without jurisdiction and that such a situation rendered it unnecessary to first raise the jurisdictional question before the council. In those cases the failure to comply with the statute appears from the record and the council was without jurisdiction to hear or make any order that would be binding against the contestants. In the present case strict compliance with the statutory provisions is not questioned and the council therefore had jurisdiction. While the complaint does allege facts which were intended to charge a confiscation of property, these facts were denied by the answer. No competent evidence was adduced in support of these charges either before the trial court or the council. Since the issue of confiscation raised the question of the value of the property as compared with the benefits of the proposed improvements it became necessary to present and prove this question of fact to the city council. This the contestants failed to do. The action of the trustees was therefore final.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 24, 1930.

All the Justices present concurred.