[Civ. No. 8255. First Appellate District, Division Two.—April 26, 1932.]

H. W. KELLER et al., Appellants, v. CITY OF LOS ANGELES (a Municipal · Corporation) et al., Respondents.

Faries & Williamson and McIntyre Faries for Appellants.

Erwin P. Werner, City Attorney, and Jerrell Babb, Deputy City Attorney, for Respondents.

JAMISON, J., *pro tem.*—Plaintiffs brought this action to have declared void the assessment based upon benefits received by the land under an ordinance of the City of Los Angeles, opening an alley between Flower and Figueroa Streets, and extending from Eighth Street to within 170 feet of Seventh Street, and to restrain defendants from proceeding further with the said assessment, and to recover from defendants the portion of said assessment paid by plaintiffs under protest, as shall be found unlawfully assessed against them.

Demurrers were sustained to the complaint, the amended complaint and the second amended complaint, and thereupon plaintiffs filed a third amended complaint and a second amended supplemental complaint, to which defendants demurred upon the grounds, first, that said complaints did not state facts sufficient to constitute a cause of action, and second, that said complaints are uncertain in that it cannot be ascertained therefrom in what manner the defendants acted without jurisdiction or contrary to the rights of plaintiffs, or whether or not plaintiffs availed themselves of the right

given them by the statute to file objections with the city clerk, or whether or not there was any hearing of any objections on the part of plaintiffs by the city council, or what right plaintiffs had to question the validity of the assessment proceeding, and that for the reasons aforesaid the complaints are ambiguous and uncertain. This demurrer was also sustained and plaintiffs, refusing to further amend, judgment was rendered against them and from this judgment plaintiffs have appealed.

The proceedings for the opening of said alley were had pursuant to the Street Opening Act of 1903 (Stats. 1903, p. 376). The complaint alleges that the council of the City of Los Angeles adopted an ordinance declaring its intention to order the opening of an alley from a line 170 feet southwesterly from the southwesterly line of Seventh Street to the northeasterly line of Eighth Street in said city and specifying the boundaries of the district to be benefited, and to be assessed to pay the expense thereof, and to be known as the assessment district, said ordinance being designated as Ordinance No. 50709. Prior to the initiation of this ordinance proceedings were pending for the opening of an alley 20 feet wide from Seventh Street to Eighth Street in the center of the block between Flower and Figueroa Streets; that in the meantime a corporation known as Barker Bros., Incorporated, leased all the property fronting on Seventh Street between Flower and Figueroa Streets and extending southerly 170 feet, said lease being for a term of 99 years, and erected a building thereon 150 feet high. The proceedings to open the said alley from Seventh to Eighth Streets were then abandoned and the proceeding under Ordinance No. 50709 was instituted. Said Barker Bros. now owns and maintains, and at the time of levying said assessment owned and maintained, one of the largest retail furniture stores in this country, and that all of the three frontages on Seventh, Figueroa and Flower Streets have ornate and elaborate entrances to the ground floor of said building for the use of pedestrians and customers, but that there is no means of ingress to or egress from said building for the delivery thereunto or therefrom of furniture or express except by means of said alley. Said assessment was not based upon any consideration of, or in proportion to, the benefits to the property located in said

assessment district from said improvements, but that the primary purpose was known to defendants to be for the benefit of said property of Barker Bros.; that plaintiffs' property is of the assessed valuation of $150,290 and has been assessed in this proceeding to the amount of $34,100; that the property occupied by Barker Bros. has a total assessed value of $2,436,250 and has been assessed in this proceeding to the amount of $13,642; that more than ninety per cent of vehicles or pedestrians using said alley have been vehicles or pedestrians going to or from the Barker Bros.' building; that defendants arbitrarily and with total disregard of rights of the property owners, or the benefits accruing to them from the opening of said alley, assessed the cost of said opening upon the front-foot basis.

One of the contentions of appellants is that the assessment of the property was in violation of law and therefore void, for the reason that section 16 of the Street Opening Act of 1903 provides that the assessment shall be in proportion to the benefits to be received from the said improvement. They claim that instead of following the plain requirements of this law and proceeding to estimate the benefits that would be received by the property from opening this alley, to save the trouble of doing so, or in order to favor Barker Bros., they adopted the front-foot method and by doing so sidestepped this duty which the law imposed upon them.

Section 16 of said Street Opening Act provides that objections in writing to the assessments shall be filed with the clerk and laid before the next meeting of the city council, and it shall thereupon hear such objections and pass upon same, or if there are no objections the said city council shall confirm the assessments and the action of the council upon such objections and assessments shall be final and conclusive. It does not appear from the complaints that appellants filed any protest against their assessment with the city clerk or that they made any objections to the city council regarding same. Apparently as a reason for not doing so, appellants allege in their complaint that prior to the expiration of the time for filing objections they were informed and believed that the respondents arbitrarily agreed among themselves that all protests on file at the time of the hearing would be overruled, and therefore protesting would

be an idle act and would not receive consideration; that respondents arbitrarily overruled objections filed by others at said hearing and confirmed the assessments as originally made.

Passing upon statutes similar to the Street Opening Act of 1903 the decisions of the Supreme and Appellate Courts have been uniform in holding that appellants cannot make any objection to the assessment in this action that they could have made before the city council at the time provided by section 19 of said act for hearing of protests. The failure to so object rendered the decision of the city council conclusive against appellants, in the absence of fraud, or arbitrary action amounting to fraud, in matters which the council could have remedied or corrected. (*Blake* v. *City of Eureka*, 201 Cal. 643 [258 Pac. 945]; *Farley* v. *Reindollar et al.*, 174 Cal. 703, 707 [165 Pac. 19]; *McGarry* v. *Ellis*, 54 Cal. App. 622 [202 Pac. 463]; *Harney* v. *Benson*, 113 Cal. 314 [45 Pac. 687]; *O'Dea* v. *Mitchell*, 144 Cal. 374 [77 Pac. 1020].)

The case of *Spring Street Co.* v. *Los Angeles*, 170 Cal. 24 [L. R. A. 1918E, 197, 148 Pac. 217], relied upon by appellants, is not in point upon this question, for in that case it appears that the plaintiff filed its protest with the city council and the same was denied.

In *City Construction Co.* v. *Kenny*, 83 Cal. App. 240 [256 Pac. 601], the court held that inequalities or injustice in spreading the assessment were matters which appellant should have protested and not having done so such inequalities, if any, will not afterward be held to invalidate the assessment. (Citing authorities.)

We are of the opinion that appellants having failed to protest against the alleged inequalities of the assessment are concluded by the decision of the city council, and cannot afterward dispute its legality so far as any alleged inequalities in the assessment are concerned.

Appellants next contend that the assessment is illegal and void for the reason that it appears upon the face of the assessment and from the complaints that all the property in the assessment district had not been assessed. Exhibit Z, attached to the third amended complaint and made a part thereof, purports to contain a list of all the property situated in the assessment district. The said complaint

alleges that in arriving at the amount of the assessment on the several lots affected by said assessment the front-foot method was used, that is to say, the sum of $341 per foot was assessed against each foot of the lots fronting on said alley except to the 35 feet on each side of said alley measured from its intersection with Eighth Street. In other words, the said complaint alleges that 70 feet of the lots in said assessment district fronting on said alley were not assessed at all. Appellants cite in support of this contention, *People* v. *Lynch*, 51 Cal. 15 [21 Am. Rep. 677] , *Dyer* v. *Harrison*, 63 Cal. 447, and *Diggins* v. *Brown*, 76 Cal. 318 [18 Pac. 373], wherein it is held that the failure to assess all the property in the assessment district renders the assessment void. In *Larsen* v. *City and County of San Francisco*, 182 Cal. 1, 14 [186 Pac. 757, 763], the Supreme Court said: "There is a distinction between the power of the board making the assessment in cases where the legislature has itself fixed the limits of the assessment district and designated the land which is benefited and which is to be assessed for the expense of a public improvement, and cases where a local legislative body has authority to levy the expenses upon a district to be fixed by itself and to determine what property is benefited and is to be assessed for the improvement. The ordinary case of a front-foot assessment is an example of the first alternative. There the legislature had declared what property shall be assessed, and its declaration is a determination that the property to be assessed is also the property benefited. In a case of that character the board which levies the assessment cannot depart from the legislative determination, and if it omits from the assessment any parcel of the land which the legislature has thus declared is benefited and is to be assessed for the improvement, the assessment is void." The court cited in support of this declaration the cases relied upon by appellants.

The court further stated that it was obvious that these decisions do not apply to the case there being considered, for the reason that the authority which is empowered to determine whose land is benefited and the amount of benefits that shall be assessed against the several parcels benefited by the improvement is not determined by the legislative act authorizing the improvement but the board levying the expense.

Further along in this case the court declared that "The contention that benefited property was omitted from the assessment and the whole assessment is therefore invalid is disposed of by the case of *Duncan* v. *Ramish,* 142 Cal. 686 [76 Pac. 661]," and commenting on the case of *Davies* v. *Los Angeles,* 86 Cal. 49 [24 Pac. 771], also cited by appellants, the court said, in substance, that while there is a statement in this case to the effect that where the property in an assessment district is not all assessed the assessment is invalid, there was no discussion of the question and the matter of the finality of the determination of the board after a hearing, and that this question was not passed upon nor even suggested in this case.

There is ample authority upholding the doctrine that the mere omission from the assessment of one or more lots fronting on the street does not of itself render the assessment void on its face. (*San Francisco Paving Co.* v. *Dubois,* 2 Cal. App. 42 [83 Pac. 72]; *Buckman* v. *Landers,* 111 Cal. 347 [43 Pac. 1125]; *O'Dea* v. *Mitchell,* 144 Cal. 374 [77 Pac. 1020]; *Ahlman* v. *Barber Asphalt Pav. Co.,* 40 Cal. App. 395 [181 Pac. 238].)

If the property owner is given the right to be heard before the body levying the assessment its determination is final.

█ The said third amended complaint alleges that the city council did hold a hearing on the amounts of said assessment. Its decision upon such hearing is as conclusive as the judgment of a court in a civil matter. (19 Cal. Jur. 192; *Hutchison Co.* v. *Coughlin,* 42 Cal. App. 664 [184 Pac. 435]; *Cutting* v. *Vaughn,* 182 Cal. 151 [187 Pac. 19]; *Lambert* v. *Bates,* 137 Cal. 676 [70 Pac. 777]; *Gallagher* v. *Voyce,* 99 Cal. App. 791 [279 Pac. 490].)

█ It is urged by appellants that facts set forth in said complaint bring the case within the ruling of *Spring Street Co.* v. *City of Los Angeles,* 170 Cal. 31 [L. R. A. 1918E, 197, 148 Pac. 217], which held that the assessment might be so manifestly and so grossly unjust upon its face as to justify the court in setting it aside regardless of the decision of the city council. But to justify the court in setting it aside upon the authority of this case it must appear from said complaint on its face that under no conditions could the several parcels of land, including that of

appellants, have been benefited in the proportion stated by the assessment. (*Rutledge* v. *City of Eureka*, 195 Cal. 404 [234 Pac. 82]; *Cutting* v. *Vaughn, supra.*)

There is no allegation of fraud and it must be presumed that the city council was guided in approving the assessments made by the street superintendent by the exercise of an honest discretion. It cannot be said from the allegations of the complaint that the, assessment of appellants' property was so manifestly and grossly unjust as to render the assessment void.

We are of the opinion that regardless of appellants' information or belief as to the hostile attitude of the city council regarding their protest, it was their duty to have filed a written protest setting forth their objections to the assessment, and that by their failure so to do they have produced a situation where this court cannot now inquire into the irregularities and inequalities thereof, if any there be.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.