[Civ. No. 5453.   Third Appellate District.—February 11, 1936.]

GEORGE C. BRISSEL et al., Appellants, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

·Robert Young for Appellants.

Ray L. Chesebro, City Attorney, F. von Schrader, Assistant City Attorney, and Arthur Loveland and Robert J. Stahl, Deputies City Attorney, for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them in a suit to quiet title and to vacate a lien to secure the payment of special taxes levied against their properties situated in a municipal improvement district of Los Angeles created for the purpose of widening Highland Avenue in that city. It is asserted the tax levy is invalid for the reason that it is the result of arbitrary, discriminatory and grossly abused discretion on the part of the City Council in relieving two-thirds of the lots in the district of practically all the taxes which were formerly imposed upon them, and by thus materially increasing the burden of taxes on plaintiffs' property.

The City of Los Angeles proposed to widen Highland Avenue from 70 to 100 feet, being an increase in width of 15 feet on either side of the street. For this purpose a municipal improvement district was created as provided by law, including therein a tract of land 600 feet on either side of that avenue and approximately a mile and a half in length, from Santa Monica Boulevard to Cahuenga Avenue, containing about 200 acres of land. Highland Avenue is one of the chief thoroughfares of Los Angeles. That portion of the city, including the street improvement district which was established, is thickly populated. The terrain was created, platted and divided into 1117 separate lots or parcels of land, with streets, sidewalks and modern city improvements. There are two tiers of blocks within the district on either side of Highland Avenue. The lots within the district are practically all improved with substantial dwelling houses. The tract also contains a high school plant, numerous apartment houses and business establishments.

Most of these commercial properties front on Highland Avenue. The lots bordering on this avenue, among which are the plaintiffs' properties, have a market value far in excess of the value of the more remote parcels.

The widening of Highland Avenue was estimated to cost $2,203,101.28. The sum of $200,000 was first appropriated from the city funds to help defray the cost of the proposed street improvement. This left a balance of $2,039,101.28 to be raised by assessment on the properties within the district. Ordinance number 63,382 of the City of Los Angeles was adopted and approved April 3, 1929, creating the assessment district and declaring it to be the intention of the city to widen Highland Avenue, according to the plans and specifications on file as above related. July 2, 1929, Ordinance number 64,238 of the City of Los Angeles was adopted approving the proposed street improvement, directing the work to be performed and authorizing the assessment of taxes to be levied on the properties in the district in the manner provided by law to defray the expenses of widening Highland Avenue. After due notice the Board of Public Works of the City of Los Angeles prepared and filed with the City Council as required by law its detailed report of the proposed levy of taxes on the properties of the district. This report and plan of assessment provided for the raising of taxes to pay the cost of widening Highland Avenue in the aggregate sum of $2,239,101.28, except that a credit in the sum of $200,000 was allowed on that account, which amount was appropriated from the funds of the city, leaving a balance of $2,039,101.28 to be raised by the levy of taxes. Of this last-mentioned sum, $124,222.14 was spread over and levied upon 836 lots consisting of two tiers of blocks bordering on the outskirts of the district and not fronting on Highland Avenue. The taxes originally imposed on these 836 lots varied in amounts, but averaged approximately $148 to each lot. The remaining 281 lots or parcels of land in the district were separately assessed for the balance of the remaining necessary sum to be raised, to wit, $1,914,879.14, in proportion to the benefits to be derived by each lot by virtue of the proposed improvement. This resulted in an assessment on plaintiffs' properties which border on Highland Avenue, as follows:

Upon four lots owned by Brissel, at the rate of
$2,885.65 per lot, the total sum of..........$11,542.60
Upon one lot owned by Lingelbach, the sum of.   5,018.52
Upon one lot owned by Price, the sum of......   3,243.92
Upon one lot owned by Gloyd, the sum of......   4,242.05
Upon one lot owned by Wells, the sum of......   2,744.86
Upon one lot owned by Clara Hey, the sum of..   2,994.39
Upon one lot owned by Stephen Hey, the sum of   2,994.39
Upon two lots owned by Stephen Hey, at the
rate of $2,744.86 per lot, the total sum of...   5,489.72
Upon two lots owned by Young, the total sum of   6,238.31

None of these plaintiffs protested against the tax levy within the time allowed by the statute. Other property owners in the district, however, did file objections to the assessments upon their properties. Pursuant to these protests the council held a regular meeting in February, 1933, at which hearing the objections were considered and the levy of taxes on the properties in the district were modified and changed as follows: In lieu of the $200,000 previously appropriated from the city funds toward the cost of widening the avenue, a total sum of $666,000 was appropriated for that purpose. On the theory that the group of 836 lots located at the outskirts of the district and not bordering on Highland Avenue were not benefited by the proposed improvement, these lots were relieved of substantially all the taxes previously imposed upon them, aggregating the sum of $124,222.14. A nominal sum of one cent per lot, however, still remained on these 836 lots. The total amount of taxes to be levied remained as originally proposed at the sum of $2,239,101.28. The increased contribution from the city funds as above related left a balance of $1,573,092.92 to be levied on the 281 parcels exclusive of the 836 lots which had been practically relieved of all taxes, except for the nominal sum of one cent per lot. The sum of $1,573,092.92 was then apportioned to the remaining group of 281 parcels of land within the district according to the estimated benefits to be derived by each lot on account of the widening of Highland Avenue. This change of assessment reduced the amounts originally levied against the plaintiffs' properties in a sum in excess of 15 per cent, notwithstanding the removal of taxes formerly assessed against the group of 836 lots. This substantial reduction of taxes was due to the increased contribu-

tion from the city funds. As so amended and changed the City Council approved and adopted the last-mentioned levy against the properties of the district.

For the first time these plaintiffs then filed protests against the amended levy, on October 26, 1933. It was contended the modified assessment was illegal and void for the reason that it was the result of arbitrary and gross abuse of discretion amounting to constructive fraud on the part of the council, chiefly for the reason that 836 lots constituting two-thirds of the parcels of land within the district, were relieved of practically all taxes which had been previously imposed upon them. A hearing upon these last-mentioned protests was duly set for November 13, 1933, at which time the plaintiffs' objections to the assessment were considered and overruled. The last-mentioned levy was then confirmed and adopted. This suit to quiet title and to declare the amended tax levy illegal and void was commenced by the plaintiffs. Findings were adopted favorable to the defendant. A judgment was accordingly rendered declaring the assessment valid, and holding that the plaintiffs were entitled to take nothing by this action. From that judgment this appeal was perfected.

We are of the opinion the amended levy of special taxes as adopted and confirmed by the City Council of Los Angeles for the purpose of widening Highland Avenue is valid. The regularity and validity of the proceedings which were followed in establishing the assessment district in this case are not questioned. The assessment was levied against the properties of the district pursuant to the provisions of the California Street Improvement Act. (Stats. 1903, p. 376, and amendments thereto; 3 Deering's Gen. Laws of 1931, p. 4496, Act 8198.) The assessment was levied by the Board of Public Works in the manner required by section 17 of the act and filed with the clerk of the City Council of Los Angeles in October, 1932. The plaintiffs failed to file objections to the original assessment as required by section 18 of that act. The plaintiffs, however, filed protests against the levy as it was amended by the council, and their waiver for failure to object to the original assessment is not insisted upon. We may therefore consider the validity of the levy as amended by the City Council and the effect of relieving two-thirds of the lots in the district of all taxes.

■ On November 13, 1933, the assessment, as amended, was duly confirmed and approved by the council after the plaintiffs' objections thereto had been duly considered and overruled. That order is final and conclusive in the absence of fraud or a clear abuse of discretion on the part of the council. We are of the opinion no such fraud or abuse of discretion appears from the mere fact that upon the hearing of objections to the assessment the levy was amended so as to substantially relieve the 836 lots included in the district from taxation. The council sits in the capacity of a *quasi*-judicial board in determining the merits of the original assessment and in modifying the levy. (19 Cal. Jur. 221, sec. 546.)

■ Upon the hearing of the protests against the proposed assessment the council was authorized to change the levy by modifying the various amounts imposed on respective properties within the district, or by relieving certain parcels therein of all taxes formerly imposed upon them, to conform to the board's reasonable determination regarding the benefits to be derived by each parcel within the district by virtue of the widening of Highland Avenue. (Sec. 19, Act 8198, *supra; Johnson* v. *City of Los Angeles*, 210 Cal. 240 [291 Pac. 395].) Section 19 of the Street Assessment Act above cited provides in that regard:

"Said council shall hear all such objections at said meeting, or at any other time to which the hearing thereof may be adjourned. At such hearing the city council may remedy and correct any error or informality in the proceedings; may confirm, amend, alter, modify or correct the assessment in such manner as to it shall seem just."

The tax levy is not invalid for the reason that the council at the hearing of the protests modified the assessment by relieving 836 lots within the district of substantially all the taxes which had been previously imposed upon them, even though that procedure resulted in increasing the taxes previously levied upon the properties of plaintiffs. (*Bailey* v. *City of Hermosa Beach*, 183 Cal. 757, 763 [192 Pac. 712]; *Keller* v. *City of Los Angeles*, 123 Cal. App. 99, 103 [11 Pac. (2d) 448].) In the case last cited it is said in that regard:

"There is ample authority upholding the doctrine that the mere omission from the assessment of one or more lots front-

ing on the street does not of itself render the assessment void on its face."

Numerous authorities are cited in support of that statement of law. The street assessment act above referred to does not require the imposing of taxes on each lot or parcel of land included within the district which is established. All that section 17 of that act requires is that:

"Such assessment shall show the total sum to be raised thereby, as hereinbefore provided, and also the items of such total sum, and opposite each lot, piece or parcel of land *assessed,* the amount assessed thereon, and the name of the owner thereof."

In the present case it appears that the plaintiffs' properties are situated on Highland Avenue and we may, therefore, assume they would be chiefly benefited by the widening of that street. On the contrary the 836 lots which were substantially relieved of the assessment upon amendment thereof are located at the extreme borders of the district and do not front on Highland Avenue. There is no affirmative evidence that these last-mentioned lots will be benefited by the proposed improvement. ■ We may not assume in the absence of fraud or gross abuse of discretion on the part of the board that these lots are necessarily benefited by the improvement merely because they were included within the boundaries of the district. On account of the increased appropriation from the city funds at the time of the amendments to the original levy the assessments against the properties of the plaintiffs were not increased.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1936.