[L. A. No. 2737. Department Two.—March 27, 1912.]

JAMES S. OWENS et al., Respondents, v. T. H. DUDLEY, Mayor of the City of Santa Monica et al., Defendants, C. D. PETTIS, Street Superintendent, and J. D. KNEEN, Appellants.

STREET ASSESSMENT—ACTION AGAINST MUNICIPALITY AND ITS OFFICERS
—DESIGNATION OF OFFICIALS IN CAPTION OF COMPLAINT—ABSENCE
OF ALLEGATIONS OF OFFICIAL CAPACITY—CORPORATE EXISTENCE OF
CITY.—In an action by property-owners in a street assessment district, the caption of which shows that it was instituted against the city of Santa Monica, its mayor, trustees, city engineer, and street superintendent, and which was brought to avoid street improvement proceedings and to enjoin an assessment therefor, the complaint is not rendered insufficient by reason of the omission of an allegation therein of the official capacity of any of the defendants named as mayor or trustees in the caption, or of the fact that the city of Santa Monica is a municipal corporation.

ID.—DESIGNATION OF COUNCILMEN AS "TRUSTEES."—The fact that in the caption of the complaint certain defendants are designated as "trustees" instead of "councilmen," their proper official designation, is immaterial, when the body of the complaint, and the official documents attached thereto as exhibits, show that they were complained of in their official capacity as councilmen.

ID.—JUDICIAL NOTICE TAKEN OF MUNICIPAL CORPORATION—APPROVAL OF
CHARTER BY LEGISLATURE.—It was unnecessary to aver that the city of Santa Monica was a municipal corporation. It was sufficient to aver that the proceedings complained of were had by the legislative body of the city of Santa Monica, and the court will take judicial notice that such city is a municipal corporation, its charter having been approved by the legislature.

ID.—INJUNCTION AGAINST ASSESSMENT VOID ON ITS FACE.—As a general rule, a court will not restrain a sale of property for taxes, assessments, or otherwise, when it is clear that the sale or assessment is

void upon the face of the proceedings, or from the recitals in the deed, or on the face of the assessment made by the superintendent of streets, upon which the party claiming under the deed, or attempting to enforce the assessment, must rely to make out a *prima facie* case to recover upon the deed or to enforce the assessment liens.

Id.—Assessment under Vrooman Act not Void on Its Face.—That rule is not applicable, where there is nothing upon the face of the deed or the assessment made and delivered to a contractor under the Vrooman Act disclosing their invalidity, and the party seeking to defeat the deed or the assessment lien must resort to extraneous evidence to accomplish it.

Id.—Prima Facie Validity of Assessment under Vrooman Act—Defects in Proceedings Prior to Assessment—Assessment Creates Cloud on Title—Injunction.—Under section 12 of the Vrooman Act, in actions brought by the contractor to enforce the lien of an assessment for a street improvement levied upon an assessment district, the assessment, warrant, and diagram are *prima facie* evidence of the regularity of the prior proceedings by the council on which the assessment is based, and notwithstanding the assessment is actually void for a defect in such prior proceedings, the property-owner would be compelled to resort to evidence *dehors* the recitals in the assessment in order to show its invalidity. The assessment would thus cast a cloud upon his title, the creation of which a court of equity will prevent by an injunction.

APPEAL from an order of the Superior Court of Los Angeles County refusing to dissolve a temporary injunction. W. P. James, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellants.

Charles J. Noyes, for Respondents.

LORIGAN, J.—This is an appeal from an order of the superior court denying a motion of the defendants Pettis and Kneen to dissolve a temporary injunction which had been granted plaintiffs *ex parte* upon the verified complaint in the action.

The plaintiffs, nineteen in number, property-owners in an assessment district established by the city council, to be charged with the expense of a proposed street improvement in the city of Santa Monica, brought this action against the mayor and common council of the city, the city engineeer, and street superintendent respectively named, and J. D. Kneen,

to have the proceedings toward such improvement, which had culminated in the awarding of a contract therefor to the defendant Kneen, declared null and void, and for a preliminary injunction, to be made perpetual by judgment, restraining the collecting or assessing the expense thereof against the property of the plaintiffs, or creating any lien thereon.

The complaint averred, with reference to the preliminary steps necessary to be taken by the municipality in order to give it jurisdiction to make the proposed improvement, which was to consist of paving with concrete "Ocean Front Promenade," or to enter into a valid contract therefor and support a valid assessment under the so-called Vrooman Act of 1885 [Stats. 1885, p. 147] as amended (Deering's General Laws, 1909, p. 1283 et seq.), that neither the ordinance of intention to do said paving nor the "notice of street work" provided for in said act were published as by law required in a paper of general circulation, published for one year, immediately prior to said publication in the city of Santa Monica; nor was said ordinance of intention ever posted as the act requires on or near the council chamber door of the city council of said city; that for the same reason as is alleged concerning the publication of the ordinance of intention and "notice of street work," the "notice inviting sealed proposals" and the "notice of award of contract" were not published, nor was either of these last notices referred to ever posted at the council chamber door. Other averments are made in the complaint under which it is claimed that the proceedings eventuating in the award of a contract to the defendant Kneen and the contract itself are invalid. It is then averred that a contract to do the work was entered into between the city and Kneen and that the latter was proceeding to perform the work under it.

The motion of defendants to dissolve the injunction in the court below was based upon the complaint itself, their position being that no cause of action for an injunction is shown thereby, and that the order granting a preliminary one was improper. The same position is taken here.

It is claimed that the complaint is insufficient because there is no allegation therein of the official capacity of any of the defendants named as mayor or trustees in the caption of the complaint, and no allegation that the city of Santa Monica is a

municipal corporation.  There is no merit in either of these
points.  It is true that in the caption of the complaint cer-
tain defendants are designated as "trustees" instead of "coun-
cilmen," which is their proper official designation as members
of the legislative body of the city of Santa Monica.  (Stats.
1907, p. 1007.)  But this error in strict official designation is
of no moment.  It is quite apparent from the averments in
the complaint, and from the official documents attached there-
to as part thereof that all these persons referred to are com-
plained of in their official capacity as councilmen.  Equally
so as to the mayor.  A mistake in the caption of a complaint
as to official designation of parties is of no grave consequence,
if the allegations in the body of it show with sufficient cer-
tainty the real capacity in which they are parties to the suit.

Neither was it necessary to aver that the city of Santa
Monica is a municipal corporation.  It was averred that the
proceedings in reference to paving "Ocean Front Promenade"
were had by the legislative body of the city of Santa Monica,
and the court will take judicial notice that the city of Santa
Monica is a municipal corporation, its charter having been
approved by the legislature.  (Stats. 1907, p. 1007.)

It is further claimed by appellants that upon the facts alleged
plaintiffs are not entitled to an injunction; that if all the
acts of the city of Santa Monica were illegal and void, as
alleged in the complaint, it would follow that any proposed
assessment which might be levied would be illegal and void,
and in that case an injunction will not lie, citing *Byrne* v.
*Drain,* 127 Cal. 663, [60 Pac. 433].

But that case has no application here.  The decision was
based upon the general rule that a court will not restrain a
sale of property for taxes, assessments, or otherwise, when
it is clear that the sale or assessment is void upon the face of
the proceedings, or from the recitals in the deed, or on the
face of the assessment made by the superintendent of streets,
upon which the party claiming under the deed, or attempting
to enforce the assessment, must rely to make out a *prima facie*
case to recover upon the deed or to enforce the assessment
lien.  As, for instance, where an act under which a tax-sale
is attempted to be made, or a statute under which an assess-
ment lien purports to be created and enforceable are un-
constitutional and void, or when, as in *Byrne* v. *Drain,*

*supra,* the proceedings to open a street under which the sale of property sought to be enjoined were void, because the act under which they were inaugurated was inoperative in the city of Los Angeles. As in such cases the invalidity of the deed or the assessment lien appears upon their face, they can cast no cloud upon the property of the party seeking the injunction, and equity will not enjoin the issuance of the deed or the making of the assessment by the municipal authorities, but will leave the party claiming to be injuriously affected to assert his rights when suit is brought upon the deed or the lien of the assessment is attempted to be foreclosed. But this rule is not applied where there is nothing upon the face of the deed or the assessment made and delivered to a contractor under the Vrooman Act disclosing their invalidity, and the party seeking to defeat the deed or the assessment lien must resort to extraneous evidence to accomplish it. Under such circumstances, as the owner of the property would be required to present evidence to defeat a recovery on the deed, or a foreclosure of the assessment lien, the issuance of the one or the making of the other would cast a cloud upon his title, and hence would entitle him to have a court of equity interpose to prevent the sale or the making of the assessment.

In the proceedings taken under the Vrooman Act involved here there is no provision for a deed upon a delinquency to pay the assessment. The making of the assessment by the superintendent of streets and its recordation, with the warrant, diagram, and certificate of the city engineer attached, constitute a lien upon the lots assessed for a period of two years, subject to be foreclosed by action. (Secs. 8, 9, and 12 of the act.)

Section 8 provides what shall be contained in the assessment, and there is nothing which is required to be recited there which could possibly show upon its face that the assessment was invalid for the reason, as alleged by plaintiffs, that the common council never obtained jurisdiction to order the work done, or that no valid contract was entered into on account of other defects preceding its award. It is also provided in the act (sec. 12) that in suits brought by the contractor to enforce the lien of the assessment "the said warrant, assessment, certificate and diagram, with the affidavit of demand

and non-payment, shall be held *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council, upon which said warrant, assessment and diagram are based, and like evidence of the right of the plaintiff to recover in the action." It is obvious, as there are no recitals required in the assessment which could show on its face its invalidity on the grounds alleged by plaintiffs, and the assessment, etc. are by section 12 of the act made *prima facie* evidence of the regularity of all proceedings by the council on which the assessment is based, that the plaintiffs will be compelled, in order to defeat the assessments and the liens to be imposed upon their property thereby, to resort to evidence *dehors* the recitals in the assessments, and to overcome the presumptive evidence clause of the statute attaching by reason of their issuance. This necessity of a resort to extraneous evidence to defeat the lien of an assessment otherwise on its face and by virtue of the presumption, valid, presents a proper case for the interposition of a court of equity to prevent the making of an assessment or the creation of a lien which will cast a cloud upon the title of plaintiffs. (*Bolton* v. *Gilleran,* 105 Cal. 244, [45 Am. St. Rep. 33, 38 Pac. 881]; *Chase* v. *Treasurer etc.,* 122 Cal. 540, [55 Pac. 414].)

The order appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.