[No. 16037.   Department Two.    January 18, 1921.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v. THE CITY OF WALLA WALLA, *Appellant.*[1]

MUNICIPAL CORPORATIONS (225)—PUBLIC IMPROVEMENTS—ASSESSMENT DISTRICT—"BLOCK." For the purposes of a special assessment upon city blocks abutting upon the street, a fifteen-foot alley 120 feet from the street, not designated upon the plat as either a street or an alley, must be considered as a street and not as an alley bisecting a block, leaving only the abutting block liable to assessment as required by Rem. Code, § 7892-13.

SAME (258)—PUBLIC IMPROVEMENTS—ASSESSMENTS — FAILURE TO MAKE OBJECTION. When property is included in an assessment roll which is not subject to assessment, the proceedings are void and may be attacked in any manner although no objection was made to the confirmation of the roll.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered May 22, 1920, upon findings in favor of plaintiff, in an action to recover money paid under protest for special assessments. Affirmed.

[1]Reported in 194 Pac. 962.

*H. B. Noland,* for appellant.

*Geo. T. Reid, J. W. Quick, L. B. da Ponte,* and *John H. Pedigo,* for respondent.

TOLMAN, J.—The respondent as plaintiff brought this action to recover the sum of $152.68, paid by it under protest to discharge a special assessment against a portion of its right of way, imposed by the city of Walla Walla for the improving of Valencia street, in that city. The ground of objection to the assessment, and the only attack upon the regularity and sufficiency of the proceedings leading up to such assessment, is stated in the complaint, as follows:

"That the property so assessed lies outside of and beyond a distance of 120 feet from the streets so to be improved and that the city commission of the city of Walla Walla, had no jurisdiction or authority to pass said ordinance or assess plaintiff's right of way for and on account of the cost of said improvement in that blocks 5, 6, and 7, contained within said improvement district are 120 feet in depth and the said city could not lawfully extend said district to a greater depth than 90 feet from the marginal line of the street or other places to be improved and had said district been confined within said limits it would not have included any part of plaintiff's right of way hereinbefore described."

The trial court made findings of fact supporting the allegations of the complaint, and entered judgment against the city for the amount prayed for, from which judgment the city appeals.

It appears that blocks 5, 6 and 7, of Green's Park Addition, fronting on the street to be improved, are each platted as a distinct block one hundred and twenty feet deep, to a fifteen-foot street or alley, and that respondent's right of way joins and abuts on this alley on the westerly or opposite side; or, in other words,

the right of way is wholly outside of these blocks as platted, and separated from them by a public street or alley fifteen feet wide. Blocks 2, 3, and 4, of Green's Park Addition, also platted as separate and distinct blocks, lie westerly of the right of way, extending therefrom something like one hundred and fifty feet to Bonnie Brae street, and the city, in fixing the assessment district, has treated block 7 and block 2 as if both taken together constituted one block, bisected by an alley and the right of way; likewise it has treated blocks 5 and 6, lying east of the alley and right of way, as though blocks 4 and 3, lying to the west of the right of way, were included as a part of each respectively.

We are now urged to accept the present view of the city that, instead of six blocks as platted, they be considered as three blocks with the alley and right of way passing through them. While it may be, as contended, that a block usually consists of a parcel of land surrounded by three or more streets, yet, even so, the so-called alley may be a street in fact, though but fifteen feet in width. It is designated on the plat neither as a street nor as an alley, and we think must be treated as a street in this case, if a street in that location be necessary to the holding that each of these blocks described are separate and distinct blocks; because the plat and dedication of Green's Park is in evidence and upon it appears the following endorsement:

"I hereby certify that this plat and the survey of Green's Park Addition to the city of Walla Walla conforms to the requirements of Ordinance No. 546 regarding additions to the city of Walla Walla, Wash.
                    "E. S. Clark, City Surveyor.
"Approved by the council of the city of Walla Walla July 21st, 1903.         E. S. Clark, City Surveyor."

Having approved the plat, the city is bound thereby and may not now refuse to recognize as a block what

the plat so designates. If, then, the blocks be as shown upon the plat, the trial court correctly applied the statute, Rem. Code, § 7892-13.

It is earnestly contended that, in any event, the failure of respondent to object in a timely manner to the assessment roll is fatal to its cause of action; but the rule is established in this state that, when property is included which is not subject to the assessment, the proceedings are void and the property owner is not required to object to the confirmation of the assessment roll, but may rest on his rights and resist the assessment at any time and in any form. *Seattle & Puget Sound P. Co. v. Seattle,* 51 Wash. 49, 97 Pac. 1093.

The judgment of the trial court is affirmed.

MOUNT, MITCHELL, and MAIN, JJ., concur.