[Civ. No. 4723. Third Appellate District.—June 3, 1933.]

JAMES R. RICHARDSON et al., Respondents, v. THE CITY OF REDONDO BEACH et al., Appellants.

Harry Polglase, City Attorney, Arthur M. Ellis, James Howard, Milton Bryan and Brown & Brown for Appellants.

Whitehead, Bole & Blythe and Arthur S. Guerin for Respondents.

PULLEN, P. J.—In this appeal we are unfortunate in not having the assistance of a brief on behalf of respondents, the record before us consisting of the clerk's transcript of some 125 pages, a reporter's transcript on appeal consisting of approximately 450 pages, and a brief by the appellants Kranz and Municipal Bonding Company only. A record of such size presenting technical questions of engineering and intricate problems of law should not be thus lightly cast upon the court. An issue presented to a court justifies the co-operation of both court and counsel. We have endeavored, however, to acquaint ourselves with the facts of the case and the law involved in this appeal.

The City of Redondo Beach, a municipal corporation, instituted proceedings under the provisions of the "Improvement Act of 1911" for the construction of a pier. The work was completed by the contractor and thereupon an assessment was made and filed by the superintendent of streets of the City of Redondo Beach, and a hearing was had thereon as provided by law. At the hearing certain property owners presented appeals to the city council in which they contended that the pier was in certain instances not in accordance with the plans and specifications for the improvement. The council, however, accepted the work as done by the contractor and confirmed the assessment.

Thereafter three of the appealing property owners filed suit to enjoin the collection of these assessments, the issuance of bonds thereon, and to declare all proceedings null and void and to set aside the lien of the assessment on the

ground that the improvement as constructed did not conform to the plans and specifications thereof, the action being brought by the three plaintiffs on behalf of all of the property owners of the district.

At the trial the plaintiffs introduced in evidence the transcript of the testimony taken before the city council at the time of the hearing of the appeals, and also introduced additional evidence over objection of defendants, of a different character than that offered and received by the city council at the time of the hearing of the original appeals. It also appeared at the trial that the lien of the plaintiffs herein had, previously to the trial of this action, been paid and released.

At the termination of the trial the court rendered judgment in favor of plaintiffs and against defendants, declaring that the proceedings initiating the improvement were null and void for the reason that the resolution of intention and notice of improvement did not properly describe the improvement and that the assessment issued for the improvement did not constitute a lien upon the property of plaintiffs nor of others located within this assessment district, and defendants were enjoined from taking steps to collect the assessment and from applying for a reassessment to cover the expenses of the work.

■ The first question to determine is whether or not the resolution of intention and notice of improvement were sufficient under the provisions of the Improvement Act of 1911. Section 3 of the Improvement Act of 1911, as amended (Stats. 1923, p. 106), reads in part as follows:

"The said resolution of intention shall be sufficient if it states in general terms the class or kinds of work contemplated such as grading, paving, sewering or other work or improvements, and gives in general the location of the proposed improvement and refers to plans, profiles, detailed drawings and specifications or such of them as may be suitable or proper for the full and detailed description of said proposed work or improvement."

Turning now to the resolution of intention and notice of improvement we find the description of the work set forth as follows:

"That the public interest and convenience require and that it is the intention of the City Council of the City of

Redondo Beach to order the following work to be done, to-wit:

"The building of a creosoted wooden pier with a cement concrete deck from the Foot of Emerald Street, Westerly, Southerly and Easterly in the form of a horseshoe, to the Westerly Terminus of Pier Avenue in said City, all of said work to be done in accordance with and as particularly delineated and described on Profile, Plan, Cross-section and Detail Nos. 280 of Municipal Pier, City of Redondo Beach, Calif., Sheets 1, 2, 3, 4 and 5, approved and adopted by this City Council on February 27, 1928, and on file in the office of the City Engineer of said city, and in further accordance with Specifications No. 130 for the Construction of a Creosoted Wooden Pier, With a Cement Concrete Deck, in the City of Redondo Beach, California, which said Specifications have been duly approved and adopted by the City Council of said City and are on file in the office of the City Clerk. Reference is hereby made to the said Profile, Plan, Cross-section and Detail No. 280 of Municipal Pier, City of Redondo Beach, Calif., Sheets Nos. 1, 2, 3, 4 and 5 and to Specifications of 130 for a full and complete description of the work or improvement proposed to be constructed."

The description as given in the resolution of intention and notice gives the starting point of the pier, which is fixed and definite, the courses in which the pier is to run, its general form and the termination, which is also a fixed and definite location. Also is given in general terms the kind and class of materials of which the pier is to be constructed, and refers to the plans and specifications for further particulars.

It is well settled that considerable latitude is to be allowed under section 3 of the act, and no contention is made that the plans and specifications are not sufficient in every detail to show the design and construction of the improvement, and the notice and resolution refer specifically to these plans and specifications and tell where they may be seen and examined.

In *Walsh* v. *Swanson*, 64 Cal. App. 587 [222 Pac. 190], the court said:

"Furthermore this general description is to be read with the plans and specifications adopted for the im-

provement, and referred to in the resolution of intention reads: 'The said improvements are to be made . . . in accordance with the specifications or plans and specifications prepared therefor and on file in the office of said board, and to which reference is hereby made.' "

To the same effect is the case of *Federal Construction Co.* v. *Kneese*, 37 Cal. App. 659 [174 Pac. 694], in which the rule is thus expressed:

"The next objection is that the resolution of intention is uncertain in some particulars. The plans, however, which accompanied the resolution of intention, and the specifications that are referred to therein, if we understand counsel correctly, answer these objections by making the lines, which might be impossible to locate if the resolution of intention stood alone, quite certain as to location. . . . This disposes of criticism aimed at the resolution of intention. It seems to be sufficient."

It therefore appears that the resolution of intention and the resolution ordering the work and the notice of improvement are sufficient within the meaning of the statute and the city council acquired jurisdiction thereby.

■ The next point urged for reversal is that the court erred in admitting extrinsic, additional and different evidence and expert testimony than that presented before the council regarding the alleged variations between the improvement as constructed and the plans and specifications adopted.

At the hearing before the board some three hours were consumed in the taking of testimony on the protest to the acceptance of the improvement, and some six or eight witnesses examined. At the trial before the superior court occupying four days, ten witnesses were sworn and examined, among whom were only one or two who had testified before the board. An examination of the testimony taken before the board indicates that additional and different evidence was offered and received by the trial court, all over the timely objections of counsel.

■ The legislature has confided to the board of trustees or the governing body charged with the duty of initiating and performing the specific improvement, the duty of determining whether or not the work has been performed according to the contract, and that body having decided

upon conflicting testimony is conclusive. Its act is an exercise of a *quasi*-judicial power and cannot be attacked collaterally by any of the parties thereto, unless the proceedings are absolutely void.

In the case of *Lambert* v. *Bates*, 137 Cal. 676 [70 Pac. 777], the court passing upon an order of the town council of Berkeley, in overruling certain objections to the work, said:

"The legislature has thus not only provided a tribunal for the purpose of determining whether the contractor has completed his contract according to its terms, but it has also declared that the decisions and determinations of that tribunal upon this question shall be 'final and conclusive' as to all errors which it might have remedied. Whether the work in the present case was done in conformity with the contract to the official grade was a fact to be determined in the first instance by the superintendent of streets. The Street Improvement Act declares that all street work shall be done under his direction and to his satisfaction, and it is alleged herein and found by the court that the work was accepted and approved by him and that he thereupon made the assessment upon which the action is brought. If in fact he accepted the work and made the assessment before the contract was fulfilled, such determination or act was an error of that officer which the council might have remedied. It was within the functions of that body, upon the defendant's appeal, to determine whether in fact the work provided for in the contract had been fully performed or not, and under the above provision of section 11, its action in overruling said appeal and dismissing the same is final and conclusive upon him. The council acted judicially in its determination upon the appeal (*Belser* v. *Hoffschneider*, 104 Cal. 455 [38 Pac. 312]), and, as in the case of the judgment of any tribunal for which there is no review provided by statute, its action must be held conclusive whenever the fact determined by it is brought into question before any other tribunal. (Citing cases.)

"The legislature did not intend by the above provision that the appeal should be prosecuted in a perfunctory manner, or should be a mere formality. By declaring that the determination of the council shall be 'final and conclusive', it intended that that body should be the final tribunal for

the determination of all questions that might be appealed to it, so far as such determination was a question of fact, or depended upon evidence that might be presented in support of the appeal. (*Houghton's Appeal,* 42 Cal. 35; *Bixler's Appeal,* 59 Cal. 550.) This provision cannot be construed as authorizing a person merely to take an appeal to the council without presenting to that body sufficient evidence, or any evidence whatever, to support his appeal, and afterwards seek to have the grounds of his appeal sustained before another tribunal and under additional or different evidence. . . .

"If he failed or omitted to present to that body the evidence which he afterwards presented to the superior court upon the trial herein, he is in the same position as any litigant who has rested his case upon insufficient evidence."

The Supreme Court has recently had under consideration the Improvement Act of 1911, in the case of *Hannon* v. *Madden,* 214 Cal. 251 [5 Pac. (2d) 4, 6], where it again plainly lays down the rule enunciated above. It is there determined also that the board had wide plenary powers in order that they may have latitude in matters of discretion for the definite reason that in determining the question of compliance with improvement contracts discretion is necessary from the very nature of the work, and official efficiency requires that their hands be not too tightly bound.

"When an appeal has been taken to the council its decision may be attacked in a legal proceeding only upon pleading and proof that the board acted fraudulently or that its action is so palpably unreasonable and arbitrary as to raise an inference of plain abuse of discretion as a matter of law." (*Hannon* v. *Madden, supra.*)

■ The allegation in the instant case is "that said city council arbitrarily, unreasonably, and fraudulently denied said appeals, accepted said work and confirmed the assessment as presented to the Superintendent of Streets".

This is not a sufficient pleading of fraud. "Fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute the fraud. It is not sufficient to allege it in general terms or in terms which amount to mere conclusions." (*Hannon* v. *Madden, supra.*) ■ The finding by the court was "that the council in denying the appeals and objections of plaintiffs and confirming said

assessment, abused its discretion to such an extent as to amount to constructive fraud upon the property owners within the assessment district''. Neither the allegations in the complaint nor the proof support this finding nor is a finding of constructive fraud an issue for the trial court; that being a matter to be determined only from the record of the proceedings before the original tribunal. (*Rutledge* v. *City of Eureka*, 195 Cal. 404 [234 Pac. 82].)

The foregoing being determinative of the appeal we do not pass upon the other points urged by appellant, which probably will not again arise if the matter is tried anew.

The judgment is reversed.

Plummer, J., and Thompson, J., concurred.