[Civ. No. 7015.   Third Dist.   Apr. 19, 1944.]

SUTTER REALTY COMPANY (a Nonprofit Corporation), Respondent, v. CITY COUNCIL OF THE CITY OF SACRAMENTO et al., Appellants.

Hugh B. Bradford, City Attorney, for Appellants.

Busick & Busick for Respondent.

PEEK, J.—This is an appeal by the city of Sacramento from a judgment in favor of petitioner and respondent, Sutter Realty Company, a nonprofit cemetery corporation.

Respondent was first incorporated in 1905 as the Odd Fellows' Lawn Cemetery, for the purpose of operating a cemetery. On November 22, 1932, its articles of incorporation were amended in order to qualify as a nonprofit corporation in conformity with the General Cemetery Act (Stats. 1931, chap. 1148, p. 2434; Deering's Gen. Laws, 1937, Act 1288). No by-laws have been adopted by respondent. However, on August 2, 1932, the corporation adopted certain rules and regulations governing the operation of the cemetery. Its capital stock is owned by three individuals as trustees for three lodges and one encampment of the Independent Order of Odd Fellows, a fraternal and charitable organization. The three trustees also serve as directors of respondent corporation without pay.

On March 30, 1933, the Council of the City of Sacramento granted the application of respondent for an exemption under article XIII, section 1b of the Constitution, and authorized the assessor-collector of the city to delete from the city's tax rolls the real property used in the operation of respondent's cemetery. The section in question is as follows:

"All property used or held exclusively for burial or other permanent deposit of the human dead, or for the care, maintenance or upkeep of such property or such dead, except as used or held for profit, shall be free from taxation and local assessment."

In the month of August, 1942, pursuant to the authority granted under the Improvement Act of 1911 (Stats. 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199) and the Im-

provement Bond Act of 1915 (Stats. 1915, p. 1441; Deering's Gen. Laws, 1937, Act 8209), appellant authorized improvements upon a street bordering respondent's property.

Respondent did not protest the proposed street work nor the award of the contract, but on January 28, 1943, petitioned the city council under sections 4801 and 4802 of the Revenue and Taxation Code for a cancellation of the assessment levied against it. The petition was denied by the city council and the corporation then sought a writ of mandate in the Superior Court of Sacramento County to compel the cancellation of the alleged illegal assessments. The city by its answer denied the allegations that respondent was a nonprofit corporation entitled to the constitutional exemption previously set forth, and alleged that respondent, by failing to protest as provided in sections 5220, 5258 and 5259 of the Streets and Highways Code, had waived its right to the relief prayed for. After a hearing upon such issues the trial court made its findings in favor of respondent and entered judgment cancelling the street assessment levied against it.

The city now appeals contending that the evidence is not sufficient to support the finding of the trial court that respondent is a nonprofit cemetery corporation; that respondent by its failure to protest in accordance with the provisions of the Streets and Highways Code thereby waived its right to a cancellation of the assessment; that respondent by its failure to so protest also has failed to exhaust the legal remedies available to it, and therefore has no standing to prosecute its application for a writ of mandate.

The record discloses ample evidence to sustain the finding of the trial court that the Sutter Realty Company was and is a nonprofit corporation. Under such circumstances the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, to support the conclusion reached by the trial court. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689].)

We pass then to the second contention of appellants, that even though respondent is a nonprofit corporation and thereby comes within the constitutional exemption, yet for such exemption to be effective it must be claimed before the proper administrative officer or body; that the exemption here at issue corresponds in principle to section 3612 of the Politi-

cal Code as it affects article XIII, section 1¼ of the Constitution (citing *Chesney* v. *Byram,* 15 Cal.2d. 460 [101 P.2d 1106]), and that in failing to protest in accordance with the sections of the Streets and Highways Code respondent has waived its right to a cancellation of the assessment.

It would be of little value to the conclusion reached herein to discuss at length the innumerable cases cited by appellants in substantiation of this contention.

Suffice it to say that each of the cases so cited arose under article XIII, sections 1a, 1¼ and 1½ of the Constitution and the related sections 3611, 3612 and 3613 of the Political Code. Each of the code sections referred to by appellants specifically provide that unless the exemptions therein set forth are claimed in accordance with procedure therein outlined such exemptions shall be deemed to have been waived.

In *Chesney* v. *Byram, supra,* the petitioner therein claimed an exemption under article XIII, section 1¼ of the Constitution but admittedly had filed no application therefor under section 3612 of the Political Code. It was his contention that the constitutional provision was self-executing and therefore the code section was an attempt to limit the constitutional right of exemptions given to veterans. The court held that even assuming the constitutional provision was self-executing, it necessarily does not follow that the Legislature does not have the power to enact legislation providing for reasonable regulation of the right to such exemption so granted by the Constitution. Such case falls short of the authority which is given to it by appellants.

The sections of the Streets and Highways Code cited by appellants cannot be construed as setting up rules and regulations for the exemption of cemetery property from taxation and therefore comparable to the regulations contained in the sections of the Political Code under discussion in the Chesney case. Section 5220 comes within the chapter of the code designated "Protest and Hearing" and refers to the manner of protesting proposed street work or the extent of the district to be assessed. Nothing therein relates to a claim of exemption by a cemetery. Section 5258 and section 5259 are found within the chapter entitled "Award of Contract." The first section refers to irregularities in the award and the last section provides that such protests shall be waived if not seasonably made. Again nothing is said concerning a claim of exemption "from taxation and local assessment" by a nonprofit cemetery. It

should be noted further that rather than providing a reasonable regulation of the right to claim an exemption in accordance with the decision in the Chesney case as regards the cited sections of the Political Code, the sections of the Streets and Highways Code are limited in operation by the wording thereof, to the owners of property "liable to be assessed" (§ 5220), and owners of property "liable to assessment" (§ 5258).

The only enactment by the Legislature relating to the particular question here at issue is contrary to the contention made by appellants, and is found in section 8561 of the Health and Safety Code (Stats. 1939, p. 704) which provides in part that: "All [cemetery] property dedicated pursuant to this chapter, . . . is exempt from public improvement assessments. . . . " It is not disputed that respondent's property was dedicated in accordance with the provisions of section 8551 of the Health and Safety Code, and the trial court so found.

In the absence, therefore, of specific statutory procedure to be followed in claiming such an exemption, the provisions of article XIII, section 1b of the Constitution must prevail. Under such circumstances there can be no question of waiver or the exhaustion of administrative remedies.

The sole qualification contained in the constitutional exemption was first complied with by respondent in 1932 when its property was deleted from the tax rolls of the city of Sacramento. That there has been no change since then in its nonprofit status is evidenced by the finding of the trial court. Respondent had the right to assume that its status and the specific exemption granted by the Constitution would be respected and it was not required to take notice of the assessment nor to appear before the city council. (*Shannon* v. *Wilson,* 38 Cal.App.2d 219 [101 P.2d 116]; *Seattle & Puget Sound Packing Co.* v. *City of Seattle,* 51 Wash. 49 [97 P. 1093]; *Rosehill Cemetery Co.* v. *Kern,* 147 Ill. 483 [35 N.E. 240].)

Where property, not subject to an assessment, is illegally included therein, such proceedings are void and the owner thereof is not required to appear before the council and formally protest. (*St. John's Church* v. *County of Los Angeles,* 5 Cal.App.2d 235 [42 P.2d 1093]; *City Securities Co.* v. *Harvey,* 176 Cal. 682 [169 P. 380]; *Northern Pac. Ry. Co.* v. *City of Walla Walla,* 114 Wash. 153 [194 P. 962].)

Not having the power so to assess the property of respondent the act of the council in so doing was clearly unconstitutional and in the absence of statutory procedure for the claiming of such an exemption respondent's failure to appear before the council does not preclude equity from interfering by injunction to restrain the collection of such void assessment. (*Pacific Paving Co.* v. *Verso,* 12 Cal.App. 362 [107 P. 590]; *Penrose* v. *Whitacre,* 61 Nev. 440 [132 P.2d 609]; *Rosehill Cemetery Co.* v. *Kern, supra.*)

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.