[Civ. No. 19683. Second Dist., Div. One. Sept. 15, 1953.]

HOWARD PARK COMPANY (a Corporation) et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Holbrook, Tarr & O'Neill for Appellants.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Alfred E. Rogers, Deputy City Attorney, and Roscoe R. Hess for Respondents.

WHITE, P. J.—This is an appeal by plaintiffs from an order of the Superior Court of Los Angeles County denying the issuance of an alternative writ of mandate on a petition that is entitled "Petition for Writ of Mandate and/or Injunction." Named as defendants in this proceeding are the city of Los Angeles, the mayor of said city, members of the city council, board of public works and the Meriwether Investment Company, a corporation.

Plaintiffs are the owners of a tract of land in the city of Los Angeles, zoned and being used for oil production purposes, a portion of the tract lying within the boundaries of the sanitary sewer district created pursuant to section 5000 et seq. of the Streets and Highways Code (formerly the Improvement Act of 1911), and known as the Athens Boulevard and Vermont Avenue Sewer District. Meriwether Investment Company is allegedly the assignee of the contractor who constructed the sanitary sewer system in the aforesaid district, and as such assignee, is alleged to have bought or undertaken to buy the bonds to be issued for the financing of said sewer system.

In their petition for a writ of mandate and/or injunction filed in the superior court, plaintiffs prayed that the city and all its named officials "recall, withdraw and expunge" all of the proceedings taken as to assessments numbered 514, 724, 725, 850, and 851 of the Athens Boulevard and Vermont Avenue Sewer District, and to make a new assessment in accordance with certain rules prescribed by plaintiffs in their petition for the writ, and which rules, according to plaintiffs are "in accordance with law." Plaintiffs also prayed for the issuance of a "Writ of Injunction" to restrain defendant Meriwether Company from "doing any acts whatsoever to impose any liens . . . on property of plaintiffs."

The petition now before us sought a review by the superior court of the confirmation by the city council of the assessments levied against the properties of plaintiffs.

The basic contentions as advanced by plaintiffs are as follows: First, that the board of public works failed to comply with section 5343 of the Streets and Highways Code, in that said body did not assess against the lands of petitioners the cost of such improvement "in proportion to the estimated benefits to be received by each of the said several lots or parcels of land." (Sts. & Hy. Code, § 5343), but proceeded in accordance with the provisions of the cited code, sections 5315 to 5327, requiring that street assessments be spread "in proportion to the frontage." Second, that the board of public works unlawfully delegated its powers and duties to employees of said board, to-wit, employees in the bureau of assessments of the city of Los Angeles, who prepared an assessment list and diagram which was submitted to the board, and which list and diagram and the assessments thereunder were allegedly computed "illegally and erroneously and in violation of law by application in proportion to the frontage owned by each property owner in said district of the cost at a rate per front foot . . . of the work." That in accepting from its employees the assessment list and diagram and not making any independent investigation of its own, but approving the list and diagram as submitted, the Board of Public Works illegally delegated its powers.

At the conclusion of the hearing before the superior court, the following order was entered: "The court having read the petition herein, the reporter's transcript of the proceeding before the city council of the city of Los Angeles in the matter of the appeal of the Howard Park Company, filed herein and the several points and authorities filed by the plaintiffs and the defendants, the court now denies plaintiff's application for an alternative writ of mandate." From such order plaintiffs prosecute this appeal.

When a stay pending determination of the foregoing appeal was denied, plaintiffs applied to this court for a writ of mandate against the above-named defendants and also joined as a respondent therein, the treasurer of the city of Los Angeles. We issued an alternative writ of mandate, briefs were filed, the cause was orally argued and, on August 5, 1953, this court rendered its decision wherein the alternative writ issued by us was discharged and a peremptory writ denied (*Howard Park Co.* v. *City of Los Angeles*, 119 Cal.App.2d 515 [259 P.2d 977]).

█ The foregoing basic issues presented by appellants herein were fully considered by us in the case just cited

and were determined adversely to them. Upon the authority of and for the reasons stated in said decision we are satisfied that the board of public works did not unlawfully delegate its powers in spreading the assessments in question, and that the procedure adopted in the instant case does no violence to section 5343 of the Streets and Highways Code.

█ An examination of the transcript of proceedings had before the city council, and which document was before the superior court, reveals that appellants were given every opportunity to be heard before the legislative body, and that they availed themselves thereof, presenting not only oral and documentary evidence, but also presented judicial decisions affecting the legal aspect of the assessments at considerable length. There appears no evidence of fraud, gross injustice or demonstrable mistake in the conclusion arrived at in the hearings before or the conclusions arrived at by the legislative body on the question of the extent of benefits to appellants' properties. The question, resting as it does, peculiarly in the determination of the assessing authority, the conclusion arrived at by the latter will not, under the circumstances here present, be interfered with by the courts.

█ There is one further matter not referred to in appellants' briefs but which was included in their petition to the superior court and presented at the oral argument before us. That is the claim that at the hearing before the city council, one of the members thereof "prejudged the matter."

In that regard appellants alleged in their petition to the superior court that during the hearing, when an adjournment was taken to the following day, the councilman in whose councilmanic district the sewer district in question is located, addressed his colleagues on the council, stating, "That in his mind he was satisfied that the assessments were proper and should be confirmed." Appellants' petition then avers that immediately following the aforesaid statement by the councilman, appellants' counsel requested the president of defendant city council to rule that, by virtue of "prejudgment" of said matter, defendant Councilman Gibson was not qualified to further sit as a member of a *quasi*-judicial tribunal hearing such appeals; that nevertheless said defendant Gibson was permitted at all times thereafter to participate in such hearing and thereafter to vote on the confirmation of said assessments.

We fail to see wherein appellants were prejudiced by reason of the fact that Councilman Gibson was permitted to vote on the confirmation of the assessments. Of the 15 members constituting the city council, 13 were present at the hearing in question. Eight votes, or a majority of the council, were necessary to confirm the assessments. On the roll call, 13 members voted to confirm the assessments. Had Councilman Gibson refrained from voting or been denied the right to vote there would still remain 12 affirmative votes, or four more than necessary for confirmation of the assessments. Had the vote of Councilman Gibson been necessary in order to confirm the assessments, a different question might be presented, but such was not the case in the matter now engaging our attention.

For the foregoing reasons, the order from which this appeal was taken is affirmed.

Doran, J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 12, 1953. Edmonds, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.