[Sac. No. 6923. In Bank. Dec. 18, 1959.]

M. MAXWELL et al., Appellants, v. CITY OF SANTA
ROSA et al., Respondents.

DeMeo & DeMeo and J. N. DeMeo for Appellants.

Richard B. Maxwell, City Attorney, Kirkbride, Wilson, Harzfeld & Wallace and Arthur J. Harzfeld for Respondents.

PETERS, J.—Plaintiffs are the owners of parcels of land included in an assessment district created by defendant city for the purpose of grading, clearing, paving and improving Pacific Avenue, a street in the city of Santa Rosa. Defendants are the city and the individual members of the city council. Plaintiffs instituted this action to enjoin the enforcement of assessments against their respective properties and to obtain a determination that the assessment proceedings are null and void, upon the grounds that the city council acted in an arbitrary and fraudulent manner, inconsistent with due process, and assessed their lands without regard to benefit. After demurrers were sustained, plaintiffs filed three separate amendments to their complaint. A demurrer to the complaint as amended by the third amendment was then sustained with leave to amend. Plaintiffs elected to stand upon their pleadings, and failed to file any further amendment.[1] The court then entered a judgment of dismissal, from which this appeal is taken.

It should be noted that plaintiffs do not claim that defendant council was without statutory authority to create the contemplated improvements, or that it was without authority to assess if the required procedures were fairly and honestly fol-

---

[1] The case comes before us on the clerk's transcript on appeal, which includes the demurrers to the original complaint and to the complaint as amended the first and second times. The demurrer to the complaint as amended by the third amendment is lacking from the record but it was stipulated at oral argument that the demurrer was a general one.

lowed. The substance of plaintiffs' claim is that the defendant councilmen actually complied with each procedural step required by law, but did so with fraudulent intent, and in order to arrive at a predetermined result contrary to the spirit and purpose of the law, and detrimental to plaintiffs. Thus, the sole question to be determined by this appeal is whether or not the complaint as amended sufficiently states a cause of action for the relief sought by plaintiffs. The answer to this question depends upon whether the complaint seeks a type of relief authorized by the law of this state, and, if so, whether the allegations of the complaint are sufficient to raise the issues on which such relief might be predicated.

*The relief sought is authorized by law* :

 Defendants contend that a collateral attack against assessment proceedings will not lie unless there is a jurisdictional defect appearing on the face of the record. There are authorities so holding, but they are all based upon the proposition that determinations of the city council in regard to the need for improvement and in regard to benefit and the manner of assessing, are legislative in nature, and not subject to judicial interference if proper upon their face. In other words, there is a presumption in favor of the validity of the defendants' proceedings. But these rules are subject to a review by the equity side of the court when the basis for action in equity is shown. (McQuillin, Municipal Corporations (3rd ed.), § 38.206, pp. 486-487 and p. 496; § 38.184, pp. 436-437.) California recognizes the existence of such a rule. In *Bolton* v. *Gilleran,* 105 Cal. 244 [38 P. 881, 45 Am.St. Rep. 33], it was held (at p. 253) that when an assessment creates a lien upon land, and there is nothing *on the face* of the assessment proceedings to indicate invalidity, plaintiff nevertheless may maintain an action in equity and show, by matters outside of the record, that the assessment is in fact invalid. (See also *Chase* v. *City Treasurer of City of Los Angeles,* 122 Cal. 540 [55 P. 414].) As to the type of legislative activity which will be recognized as a basis for equitable relief, the courts of this state have either intimated or directly held that conduct amounting to fraud (*Roberts* v. *City of Los Angeles,* 7 Cal.2d 477, 491-492 [61 P.2d 323] ; *Hannon* v. *Madden,* 214 Cal. 251, 257 [5 P.2d 4] ; *Cutting* v. *Vaughn,* 182 Cal. 151, 156 [187 P. 19] ; *Howard Park Co.* v. *City of Los Angeles,* 120 Cal.App.2d 242, 245 [260 P.2d 980] ; *Garibaldi* v. *City of Daly City,* 63 Cal.App.2d 480, 487 [147 P.2d 122] ;

*Richardson* v. *City of Redondo Beach,* 132 Cal.App. 426 [22 P.2d 1073]; *Hutchinson Co.* v. *Coughlin,* 42 Cal.App. 664, 670 [184 P. 435]; *Nutting* v. *City of Los Angeles,* 35 Cal.App. 519, 526 [170 P. 680]), manifestly or grossly unjust assessment (*Spring Street Co.* v. *City of Los Angeles,* 170 Cal. 24, 41 [148 P. 217, L.R.A. 1916E 197]), arbitrary or unreasonable action (*Hannon* v. *Madden, supra; Spring Street Co.* v. *City of Los Angeles, supra,* at p. 32; *Garibaldi* v. *City of Daly City, supra; Hutchinson Co.* v. *Coughlin, supra*) amounting to an abuse of discretion (*Roberts* v. *City of Los Angeles, supra; Hannon* v. *Madden, supra; Spring Street Co.* v. *City of Los Angeles, supra*) if pleaded and proved will entitle plaintiff to relief.

■　The relief referred to may be by injunction to restrain the assessment (*Owens* v. *Dudley,* 162 Cal. 422 [122 P. 1087]; *Chase* v. *City Treasurer of City of Los Angeles, supra,* 122 Cal. 540; *Sutter Realty Co.* v. *City Council,* 64 Cal.App.2d 1 [147 P.2d 953]). ■ Both mandamus and certiorari are also available, in proper cases, to review the determinations of city boards and councils (Code Civ. Proc., § 1094.5; *Nathan H. Schur, Inc.* v. *City of Santa Monica,* 47 Cal.2d 11 [300 P.2d 831]; *Fascination, Inc.* v. *Hoover,* 39 Cal. 2d 260 [246 P.2d 656]).

If plaintiffs herein have brought themselves within one or more of the above exceptions to the rule against collateral attack, then they may properly claim the aid of equity in setting aside the actions of defendants.

■　In the first cause of action, plaintiffs attempt to state a cause for declaratory relief. Therein they allege the specific actions, ordinances and resolutions of defendant council, including each step in the assessment proceeding, plaintiffs' interest in the matter, fraudulent intent on the part of defendant council, arbitrary actions by the council, failure of council employees to perform duties amounting to confiscation of property without due process, protest of plaintiffs to the council, and failure of the council to investigate same, lack of benefit to plaintiffs, illegal method of determining benefit, unreasonable determinations of the council amounting to abuse of discretion, the equitable bases for injunctive relief, and the fact that a controversy exists which requires declaratory resolution. In the second cause of action the above allegations are incorporated by reference, and plaintiffs further allege that defendants claim an interest in the properties by

reason of the assessments, which claim is without right, and that the assessments constitute a cloud on their title. The various amendments allege specific actions which are claimed to have been fraudulent, arbitrary and an abuse of discretion. The prayer of the complaint seeks a declaration of the rights of the parties, including a determination that the levies of assessment are null and void, an injunction against levy of the assessments, a decree canceling the assessments and ordering them stricken from the city's records, an order to show cause, and for other relief.

Without now considering the sufficiency of the specific allegations, it appears that plaintiffs seek relief recognized by the courts of this state. Any one of the various matters alleged (fraud, manifestly unjust assessment, arbitrary and unreasonable action by the council, or abuse of discretion) will, if properly pleaded and proved, entitle them to relief. ■■ The fact the complaint appears to state grounds for mandamus as well as for injunctive, declaratory and other relief, without separately stating the various causes of action, is not fatal as against a general demurrer.[2] "As against a general demurrer . . . it is unimportant that plaintiff's pleading was not in form a petition for mandamus or certiorari. All that is required is that plaintiff state facts entitling him to some type of relief, and if a cause of action for mandamus or certiorari has been stated, the general demurrer should have been overruled. [Citing authorities.]" (*Boren* v. *State Personnel Board*, 37 Cal.2d 634, 638 [234 P.2d 981].) In addition, Code of Civil Procedure, section 580, provides that a trial court may grant "any relief consistent with the case made by the complaint and embraced within the issue."

It follows that, insofar as the form of the complaint is concerned, plaintiffs are entitled to the equitable relief which they seek, whether by injunction, mandamus or declaratory relief.

*The specific allegations are sufficient*:

■■ The principal attack which defendants make regarding the specific allegations of the complaint is that the allegations of fraud are general in nature, consist of legal conclusions, and fail to point out any acts amounting to fraud. They rely upon the rule that fraud, such as is relied on herein,

[2]There is no specification of misjoinder in the earlier demurrers, and, as already pointed out, it is stipulated the last demurrer was general.

may not be alleged in general terms, but "must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud." (*Hannon* v. *Madden, supra,* 214 Cal. 251, 267.) While the complaint is a long and rambling one containing many conclusions it does contain sufficient allegations, good as against a general demurrer.

A summarization of a few of the specific allegations will indicate that plaintiffs have complied with the general rule. In paragraph XV the council is alleged to have acted fraudulently and in bad faith toward the assessees in that it first determined the amount of money it wished the city to pay toward the improvement, and then assessed the local district for the balance without relation to benefit; in that it purposely, and by predetermination, refrained from making any investigation as to benefit; and in that it overruled the protests of assessees without investigation thereof, in order that the city should not have to pay more than the predetermined sum. In the first amendment it is alleged that the council acted fraudulently when it adopted the report of the City Engineer, because, at the time of adopting such report, the council knew that the report was not based upon investigation, but was written to support a predetermined plan. The second amendment alleges fraud in that certain specified procedures (each of which are particularized in the pleading) were undertaken by the council solely to comply with the letter of the legal requirements, and not for the purpose of complying with the purpose or spirit thereof, and that in adopting each such resolution the council members predetermined that although they would provide for public hearings and protests as required by law, they would not in fact give any consideration to the matters there produced, but would instead vote for the predetermined assessments.

In attacking these allegations, defendants rely upon authorities most of which arose upon review of the evidence, not the pleadings. Such authorities hold that the alleged fraud of city officials in the exercise of their legislative functions is not to be lightly presumed, and that strong proof is necessary to substantiate any such charge. But we are not here dealing with the proof of plaintiffs' allegations. It is not for us to speculate how plaintiff expects to prove the frame of mind of the council members at the time they adopted certain resolutions. It is sufficient that they have alleged specific acts which, if proved, would justify a finding of fraud sufficient to negate the proceedings. The authorities on the

subject require no more than that the allegations "be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud." (*Hannon* v. *Madden, supra,* 214 Cal. 251, 267.) This requirement has been met.

In *Richardson* v. *City of Redondo Beach, supra,* 132 Cal. App. 426, relied upon by defendants, the allegation which was held to be insufficiently specific or descriptive of the alleged fraud was the bare allegation "that said city council arbitrarily, unreasonably, and fraudulently denied said appeals, accepted said work and confirmed the assessment as presented to the Superintendent of Streets." Inherent in that decision is the unexpressed thought that had plaintiff specifically alleged the particulars of fraud, his pleading would have been sufficient. ▮▮▮▮ We think that when the plaintiffs herein alleged the specific resolutions and further alleged that defendants adopted the same with a predetermined fraudulent intent to arrive at a predetermined result, all without intending to listen to or investigate the matters to be produced by such resolutions, they have satisfied the requirements of pleading.

▮▮▮ Defendants also urge as fatal the failure of plaintiffs to allege the introduction of evidence in support of their protests before the defendant board. Plaintiffs have alleged the filing of such protests and their appearance to argue the same at the time set for hearing. It is sufficient as against demurrer that plaintiffs did allege (in their third amendment) a valid and sufficient excuse for not having offered further evidence. Therein it is alleged, in substance, that the defendant council did not afford protestants any opportunity to present evidence.

Defendants urge various other points including the propriety of assessing on the front footage basis, the exclusive jurisdiction of the council to determine the need for the improvement, the propriety of assessing these plaintiffs for the improvement of a portion of a major artery of travel, etc. It is unnecessary to determine the validity of these arguments, since they would not be applicable should plaintiffs be able to prove their allegations of fraud.

Because the plaintiffs have stated a cause of action for equitable relief based upon fraud, it is unnecessary to determine whether they have also stated a cause of action based upon denial of their constitutional rights, denial of due process, arbitrary action of council, abuse of discretion by

council,[3] or upon grossly and manifestly unjust assessment, all of which are alleged to some degree in the complaint.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., McComb, J., and White, J., concurred.

[3]See *Nutting* v. *City of Los Angeles, supra*, 35 Cal.App. 519, which summarized the rules of previous cases by stating (at p. 526), "It is the necessary effect of these decisions that the assessment challenged in the present case must be sustained unless the facts alleged and proved show that the city council refused to decide upon the merits the objections urged against the assessment, and that instead thereof it willfully based its order upon illegal considerations which were inconsistent with making an assessment in proportion to the benefits to be derived from the improvement, and which in effect amounted to a fraud upon the rights of the plaintiff."