485 P.2d 570

**Richard HENSLEY and Dorelle Ann Hensley, husband and wife, Appellants,**

**v.**

**TOWN OF PEORIA, a municipal corporation, Appellee.**

**No. I CA–CIV 1484.**

Court of Appeals of Arizona,
Division 1,
Department A.
June 7, 1971.

**582**

Gary Peter Klahr, Phoenix, for appellants.

Perry & Head by Allan R. Perry, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from a summary judgment granted in favor of the appellee, Town of Peoria, defendant in the Superior Court, and against the appellants, Richard Hensley and his wife, plaintiffs in the trial court. For convenience the parties will be referred to as they appeared in the trial court.

The sole question determinative of this appeal is whether the Superior Court erred in granting defendant's motion for summary judgment. The law in Arizona establishes that a motion for summary judgment can be granted only when there is no genuine issue as to any material facts, and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Rules of Civil Procedure, 16 A.R.S.; Luplow v. Pasqualetti Properties, Inc., 101 Ariz. 90, 416 P.2d 414 (1966); Goetz v. Phillips, 2 Ariz.App. 370, 409 P.2d 86 (1965) (Review denied February 23, 1966). Further, in reviewing a motion for summary judgment the appellate court must review the record in the light most favorable to the party opposing the motion, and this motion should be denied if there are any issues of fact to be litigated. Tessitore v. McGilvra, 105 Ariz. 91, 459 P.2d 716 (1969); Sarti v. Udall, 91 Ariz. 24, 369 P. 2d 92 (1962); Lawless v. Ennis, 3 Ariz. App. 451, 415 P.2d 465 (1966).

The limited facts available to this Court show that on August 26, 1969, the Town of Peoria passed a resolution to install a sewer system along certain streets, alleys and easements located within the Town. The resolution provided that the sewer system was to be paid for by certain property owners within the district. Notice was given to these property owners to file protests as provided in A.R.S. §§ 9–676, 677. Plaintiffs, who owned property within the district to be assessed, filed a protest grounded upon the fact that their property, unlike the other properties within the district, was zoned "rural" and could not substantially benefit from the creation of the district, and that the amount assessed to

plaintiffs was excessive and not in proportion to the value of the improvements to plaintiffs' property.

On October 7, 1969, plaintiffs, by their counsel, appeared before the Peoria Town Council to orally protest the Town's action. The Town Council, after review, denied plaintiffs' protest and voted to approve the resolution.

Plaintiffs then brought this declaratory judgment action in the Maricopa County Superior Court. By verified complaint plaintiffs alleged that their property should be excluded from assessment because it was zoned rural and could not benefit from a sewer system, and because the Town of Peoria used the front footage method for computing the amount of assessment rather than the benefit method. Defendant, by verified answer, denied these allegations, then filed a motion for summary judgment upon the ground that there was no genuine issue of any material fact. This motion was based on the pleadings of the respective parties, the minutes of the November 25, 1969 Town Council meeting, and a memorandum in support of the motion.

The Superior Court granted the motion for summary judgment. The minute entry of July 1, 1970, establishes the grounds upon which this motion was granted. The finding in that minute entry reads:

"Defendant's motion for summary Judgment having been under advisement, the Court is of the opinion that under A.R.S. § 9–676(e) and in view of the holdings in City of Phoenix v. Southwest Flour and Feed Co., 31 Ariz. 219, 250 P. 1060 (1927), Weitz v. Davis, 102 Ariz. 40, 424 P.2d 168 (1967), and Howard Park Co. v. City of Los Angeles, 120 Cal.App.2d 242, 259 P.2d 977 [260 P.2d 980] (1953), the assessment levied by the defendant was proper."

We find, however, that plaintiffs have raised at least two material questions of fact. First, plaintiffs argue that the Town of Peoria used the front footage method for computing property assessments within the district rather than the benefits method which should have been used. The Town in its verified answer denied the fact that the front footage method was used. Arizona, by statute, states that property within an improvement district should be assessed "respectively in proportion to the benefits to be received by each lot." A.R.S. § 9–686(C). The Arizona Supreme Court case of Weitz v. Davis, 102 Ariz. 40, 424 P.2d 168 (1967) further states:

"* * * Nevertheless, the frontage method is sometimes a convenient method for estimating the benefits to property and may result in a practical adjustment of proportional benefits. However, since the front foot rule is merely an approximate method of measuring benefits, it is well established that when apportionment according to benefits is required by statute the frontage method should not be applied where its application would result in an assessment in substantial excess of benefits, or where it would not be a fair standard by which to measure benefits. English v. Territory of Arizona, 214 U.S. 359, 29 S.Ct. 658, 53 L.Ed. 1030. * * *" 102 Ariz. at 42, 424 P.2d at 170.

Therefore, since the method of computation is a disputed factual question, it was error to grant the motion for summary judgment.

Secondly, plaintiffs claim their property could not benefit from the sewer district because their property was zoned rural and used accordingly. The Town of Peoria denied this allegation. The Weitz case, supra, states that zoning classification is a proper factor to consider in computing benefits to property because the use to which property may be put is normally determined by its zoning classification. The Weitz case further states that it is obvious that the benefits a property receives from a public improvement are related to the zoning factor. It is thus a factual question as to whether plaintiffs' property, which is zoned rural, and has been zoned rural

# 584

since it was included within the boundaries of the Town, can at this time directly benefit from the sewer system.

We do not believe a further discussion of the facts or the law applicable thereto is necessary since the case is to be sent back for trial. Defendant argues that plaintiffs are guilty of bad faith and laches, however these defenses can be determined only after all the facts are ascertained. The summary judgment is set aside and the case is reversed for further proceedings not inconsistent with this opinion.

STEVENS and CASE, JJ., concur.