547 P.2d 500

**Barbara Mettler HAMMER, Appellant,**

v.

**The CITY OF TUCSON, a Municipal Corporation, Appellee.**

**No. 2 CA–CIV 1971.**

Court of Appeals of Arizona, Division 2.

March 26, 1976.

Murphy, Vinson & Hazlett by James M. Murphy, Tucson, for appellant.

James D. Webb, Tucson City Atty., Tucson, Gust, Rosenfeld, Divelbess & Henderson by Fred W. Rosenfeld, Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

Appellant filed an action in the superior court to void a special assessment on her property. The trial court granted the City's motion for summary judgment and appellant contends that summary judgment was improper since there remained factual issues as to whether her property was in fact benefited by the construction which formed the basis of the assessment.

The record discloses that appellee initiated paving improvements, to-wit, the widening of Fort Lowell Road and other streets in the City of Tucson. Appellant owns land which fronts on Fort Lowell

Road. She presently uses her land as a dance studio. Prior to the start of construction appellant was given a preliminary assessment of her land in the sum of $8,-747.49. The record does not disclose nor is it alleged that she ever protested the improvement pursuant to A.R.S. Sec. 9–676(A) or objected to the extent of the district. The improvement was constructed and in due course the Superintendent of Streets of the City of Tucson levied an assessment against all property in the assessed district including appellant's lot. Appellant's assessment totaled $6,975.71.

Pursuant to Sec. 9–687(E) a hearing was duly noticed and appellant filed an objection to the assessment. The hearing was commenced on April 15, 1974, and was continued for one week. Appellant appeared at both sessions and expressed her objection. At the conclusion of the continued hearing, by a vote of 5–2, the Mayor and Council passed a resolution approving the assessments.

Thereafter the Superintendent of Streets made his certified list in accordance with A.R.S. Sec. 9–694(A). The list showed that the assessment on appellant's lot remained unpaid upon demand and thus "went to bond" pursuant to A.R.S. Sec. 9–694(C).

The complaint filed by appellant alleges that the assessment was not based upon her use of the land and that no consideration was given to the damages suffered by her. Attached to appellant's opposition to the motion for summary judgment were letters from two members of City Council in which they expressed dissatisfaction with the procedure for establishing improvement districts and for making assessments and suggested appellant contact an attorney and challenge it in the courts. Also attached were letters from the deputy city manager explaining the City's position on the assessments.

It is appellant's contention on appeal that the action of the City Council in making a special assessment is subject to review by the courts. With this bare contention we do not agree.

A.R.S. Sec. 9–687(F) provides:

"The owners, contractor and all other persons directly interested in the work or in the assessment, who have any objection to the legality of the assessment or to any of the previous proceedings connected therewith, or who claim that the work has not been performed according to the contract, may, prior to the time fixed for the hearing, file a written notice briefly specifying the grounds of their objections. At the time fixed for the hearing or at any time not later than ten days thereafter to which the hearing may be postponed, the governing body shall hear and pass upon the objections. *The decision of the governing body shall be final and conclusive upon all persons entitled to object as to all errors, informalities and irregularities which the governing body might have remedied or avoided at any time during the progress of the proceedings.*" (Emphasis added)

■ Our statutes on public improvements, A.R.S. Sec. 9–671 et seq., were taken from California and decisions from that jurisdiction are therefore "extremely persuasive". *United States F. & G. Company v. California-Arizona Construction Company,* 21 Ariz. 172, 198, 186 P. 502 (1920) overruled on other grounds in *Schwartz v. Schwerin,* 85 Ariz. 242, 336 P.2d 144 (1959); 63A West Annot. California Codes, Streets & Highways, Sec. 5368, contains the same language as the Arizona statutes. In *Logan v. City of Glendale,* 102 Cal.App.2d 861, 229 P.2d 128, 133 (1951), the court states:

"The answer to appellant's contention in this respect is that the law is well settled that the determination of a legislative body as to the relative *benefits* conferred upon properly by an improvement is conclusive in the absence of facts showing fraud or denial of constitutional rights to property owners. *Hannon v.*

*Madden,* 214 Cal. 251, 5 P.2d 4; *Blake v. City of Eureka,* 201 Cal. 643, 258 P. 945; *Duncan v. Ramish,* 142 Cal. 686, 76 P. 661, 663. As said in the last-cited case: 'It is true that local assessments are said to be imposed on the theory that the property adjacent to the improvement receives special benefit therefrom. But this is a matter which is for the determination of the legislative authority of the state, acting through its established agencies for the government of political subdivisions, or directly by the Legislature of the state, as that body may see fit. It is enough for the local property owner that he has a right to be heard before the city council upon the question, by filing a petition of remonstrance in the proceeding prescribed by law, setting forth his reasons why the improvement should not be made. Upon this the council must decide the question, and its decision is final.' "

In accord with the proposition that the determination by the local authority as to special benefit is conclusive in the absence of fraud, bad faith, or arbitrary action are those cases cited in Anno. 46 A.L.R.3d 127 at pages 138 through 141 (1972). See also, 70 Am.Jur.2d Special or Local Assessments Sec. 160 (1973).

Appellant's contention that the City Council should have considered the use to which her property was being put in deciding whether there were any benefits is without merit. *Weitz v. Davis,* 102 Ariz. 40, 424 P.2d 168 (1967).

Appellant cites the case of *Hensley v. Town of Peoria,* 14 Ariz.App. 581, 485 P.2d 570 (1971) as supporting her maintenance of this action. The provisions of A.R.S. Sec. 9–687(F) were not at issue in *Hensley* and it is therefore inapposite.

Appellant failed to allege any bad faith or arbitrary action and the trial court did not err in granting summary judgment.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.